IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| JOAN LINTON, SHARON LINTON, JAMES LINTON, FRANKLIN LINTON III, DIRK LINTON, DANIEL LINTON, CHRISTINA LYNN, JASON LINTON, and MICHELLE MESERAULL, as surviving heirs of FRANKLIN LINTON, JR., Deceased<br><br>Plaintiffs,<br><br>-vs.-<br><br>OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY);<br>OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.),<br><br>Defendants. | Case No. _1222 CC 01793_<br><br>(Benzene)<br><br>**JURY TRIAL DEMANDED**<br>PERSONAL INJURY<br>WRONGFUL DEATH<br>PRODUCTS LIABILITY |

## PETITION

NOW COME Plaintiffs listed above, by their attorneys, GORI, JULIAN & ASSOCIATES, P.C., and for their cause of action against Defendants, state as follows:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.     Plaintiffs, Joan Linton, Sharon Linton, James Linton, Franklin Linton III, Dirk Linton, Daniel Linton, Christina Lynn, Jason Linton, and Michelle Meseraull, as the surviving heirs of Franklin Linton, Jr., Deceased, are Class I beneficiaries of the Decedent and bring this action pursuant to Missouri Revised Statutes 537.080, et seq. That at all times concerned herein, Plaintiffs were the lawful wedded spouse and/or child and/or legally-adopted grandchild of the Decedent.

1

2. The Decedent, FRANKLIN LINTON, JR., was a floor boy, mechanic, foreman and eventually plant manager employed by the Owens-Illinois Glass Company at its facility located in Oakland, California, from approximately 1957-1987. Each of the Plaintiffs currently resides in Missouri. Decedent was diagnosed, treated and resided in Missouri during his illness and at the time of his death.

3. Decedent was first exposed to and inhaled and/or came into contact with benzene and/or benzene-containing products and/or other toxic substances that he worked with or around which were manufactured, sold and distributed by the Defendants and each of them. Also, Defendants named herein reside in this County, maintained an office in this County and/or have their principal place of business in this County; therefore, venue properly lies in this County. All or a substantial portion of the acts or omissions that form the basis for this lawsuit occurred in this County and therefore venue is proper pursuant to §508.040. Certain acts or omissions, which were a proximate or producing cause of Decedent's injuries and death occurred in Missouri. This Court has jurisdiction over this claim pursuant to §506.500 R S.MO.

4. That on or about June 2009, Decedent first became aware that he developed Acute Myelogenous Leukemia (hereinafter "AML") and at a later date learned that said disease was wrongfully caused by benzene and/or benzene derivatives and/or other toxic substances. Decedent died of AML on or about April 13, 2010.

5. The below mentioned Defendants are jointly and severally liable in that they contributed to cause Decedent's injuries and death:

> Defendant, OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY), is a foreign corporation doing business

2

in the State of Missouri. Defendant Corporation does not maintain a registered agent in Missouri, although it and/or its predecessors-in-interest have conducted substantial business in Missouri and maintained an office in St. Louis until 2005. Said corporation may be served pursuant to the Missouri Long-Arm Statute at: CT Corporation System, 1300 E. 9th Street, Cleveland, OH 44114.

Defendant OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.), is a foreign corporation doing business in the State of Missouri and may be served through their registered agent, C. T. Corporation System, 120 S. Central Avenue, Clayton, MO 63105.

## COUNT I

### NEGLIGENCE OF EMPLOYEES

1-5. Plaintiffs herein incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count I.

6. While employed as a floor boy, mechanic, foreman and eventually plant manager, Decedent was around or in the vicinity of the respective employees of Defendant OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) (hereinafter "Employer Defendants") where those employees were using benzene and/or benzene-containing products and/or other toxic substances as described in greater detail elsewhere in this Petition at the OWENS-ILLINOIS GLASS COMPANY PLANT located in Oakland, California. The aforementioned employees were acting in the course and scope of their occupations as employees of Employer Defendants.

7. Decedent's inhalation and/or contact with benzene and/or benzene-containing products and/or toxic substances from the above-mentioned benzene and/or benzene-containing products and/or toxic substances being used by employees or agents of Employer Defendants

3

was completely foreseeable and could or should have been anticipated by the Employer Defendants as they were acting in the course and scope of their occupations as employees of Employer Defendants.

8.  Employer Defendants knew or should have known that the benzene and/or benzene-derivatives and/or toxic substances contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling and/or otherwise coming into contact with the benzene and/or benzene-derivatives and/or toxic substances contained in their products.

9.  At all times herein relevant, Employer Defendants had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with or around their employees handling benzene and/or benzene-containing products and/or other toxic substances.

10.  Employer Defendants failed to exercise ordinary care and caution for the safety of Decedent in one or more of the following respects:

> (a)  Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale or otherwise come into contact with the benzene and/or benzene-containing products and/or toxic substances;
>
> (b)  Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances when the Defendants knew or should have known that said benzene and/or benzene-containing products and/or toxic substances would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling or otherwise coming into contact with the benzene and/or benzene-containing products and/or toxic substances;

4

       (c)     Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances when adequate substitutes for the benzene and/or benzene-derivatives and/or toxic substances in them were available;

       (d)    Failed to provide any or adequate warnings to persons working with or around their employees when their employees were working with benzene and/or benzene-containing products and/or toxic substances of the dangers of inhaling or otherwise coming into contact with the benzene and/or benzene-containing products and/or toxic substances;

       (e)    Failed to provide any or adequate instructions concerning the safe methods of working with or around their employees when their employees were working with benzene and/or benzene-containing products and/or toxic substances, including specific instructions on how to avoid inhaling or otherwise coming into contact with benzene and/or benzene-containing products and/or toxic substances; and

       (f)     Failed to conduct tests on the benzene and/or benzene-containing products and/or toxic substances handled by their employees in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around employees handling the benzene and/or benzene-containing products and/or toxic substances.

       11.    As a direct and proximate result of respective employees of Employer Defendants utilizing benzene and/or benzene-containing products and/or toxic substances on the job who were acting in the course and scope of their employment, Decedent was exposed to, inhaled or otherwise came into contact with great amounts benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which sickened, disfigured, and eventually killed Decedent; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a

further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT II

## NEGLIGENCE OF EMPLOYERS

1-5.    Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count II.

6.    While employed as a floor boy, mechanic, foreman and eventually plant manager, Decedent was around or in the vicinity of the respective employees of Defendants OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Employer Defendants").

7.    During the course of Decedent's work, Decedent was exposed to, inhaled, and/or came into contact with benzene and/or benzene-containing products and/or toxic substances being manipulated by him and others during the normal course of their employment at the direction of Employer Defendants.

6

8.      Such exposure was completely foreseeable and could or should have been anticipated by the Employer Defendants.

9.      At all times therein, Employer Defendants owed to Decedent a non-delegable duty to use reasonable care and provide a reasonably safe work environment.

10.     Employer Defendants failed to exercise ordinary care and caution for the safety of Decedent in one or more of the following respects:

    (a)     Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale or otherwise come into contact with benzene and/or benzene-containing products and/or toxic substances;

    (b)     Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances when the Defendants knew or should have known that said benzene and/or benzene-containing products and/or toxic substances would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling or otherwise coming into contact with them;

    (c)     Caused their employees to utilize benzene and/or benzene-containing products and/or toxic substances when adequate substitutes for the benzene and/or benzene-derivatives and/or toxic substances in them were available;

    (d)     Failed to provide any or adequate warnings to persons working with or around their employees when their employees were working with benzene and/or benzene-containing products and/or toxic substances of the dangers of inhaling or otherwise coming into contact with the benzene and/or benzene-containing products and/or toxic substances;

    (e)     Failed to provide any or adequate instructions concerning the safe methods of working with or around their employees when their employees were working with benzene and/or benzene-containing products and/or toxic substances, including specific instructions on how to avoid inhaling or otherwise coming into contact with them; and

7

(f)     Failed to conduct tests on the benzene and/or benzene-containing products and/or toxic substances handled by their employees in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around employees handling the products.

11.     As a direct and proximate result of respective employees of Employer Defendants working with benzene and/or benzene-containing products and/or toxic substances, Decedent was exposed to, inhaled, or otherwise came into contact with great amounts of benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which sickened, disfigured, and eventually killed Decedent; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

8

## COUNT III

### FRAUDULENT MISREPRESENTATION AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Employer Defendants")

1. – 5. Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count III.

6.　　While employed as a floor boy, mechanic, foreman and eventually plant manager, Decedent was around or in the vicinity of the respective employees of Defendants OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Employer Defendants").

7.　　During the course of his employment at the OWENS-ILLINOIS GLASS COMPANY PLANT in Oakland, CA, the Decedent was exposed to, inhaled and/or came into contact with benzene and/or benzene-containing products and/or toxic substances that he was working with and/or around, which products were supplied and/or manufactured by Employer Defendants.

8.　　Decedent was unaware of the dangers of the benzene and/or benzene-containing products and/or toxic substances which rendered them unsafe for their intended use. At the time Decedent used and/or worked around these products, such use was in a manner that was reasonably anticipated by Employer Defendants.

9

9.    That on or about June 2009, Decedent first became aware that he had developed AML. However, the Decedent and/or Plaintiffs later learned that said disease was wrongfully caused. Decedent died of AML on or about April 13, 2010.

10.    Employer Defendants, through their officers and agents, knew or should have known that benzene and/or benzene-containing products and/or other toxic substances which they supplied and/or manufactured, were a health hazard to their employees who worked with and/or around them, and in the alternative, had no positive proof that prolonged exposure to the benzene and/or benzene derivatives and/or toxic substances contained in their products was safe. Notwithstanding this knowledge, Employer Defendants engaged in the following omissions or commissions:

(a)    Deliberately, intentionally, wantonly and designedly furnished benzene and/or benzene-containing products and/or other toxic substances to Decedent for use in his duties;

(b)    Deliberately, intentionally, wantonly and designedly failed to warn Decedent about the known dangers of benzene and/or benzene derivatives and/or toxic substance exposure;

(c)    Deliberately, intentionally, wantonly and designedly failed to inform Decedent of Decedent's potentially hazardous work as a result of exposure to benzene and/or benzene derivatives and/or toxic substances;

(d)    Deliberately, intentionally, wantonly and designedly failed to replace the hazardous benzene-containing products and/or toxic substances with substitutes that they knew or should have known were available;

(e)    Deliberately, intentionally, wantonly and designedly failed to contain the unsafe work environment although they knew or should have known that containment was available;

10

(f)      Deliberately, intentionally, wantonly and designedly made Decedent work in dangerous areas knowing that it posed a significant health hazard to Decedent and other because of exposure to benzene and/or benzene-containing products and/or toxic substances;

(g)      Deliberately, intentionally, wantonly and designedly failed to restrict Decedent from working in dangerous conditions which had been identified as posing a significant health hazard because of exposure to benzene and/or benzene-containing products and/or toxic substances;

(h)      Deliberately, intentionally, wantonly and designedly failed to provide any or adequate instructions concerning the safe methods of working with and/or around the products they supplied and/or manufactured, including specific instructions on how to avoid inhaling or otherwise coming into contact with benzene and/or benzene-containing products and/or toxic substances;

(i)      Deliberately, intentionally, wantonly and designedly failed to provide masks, respirators or other protective apparel to Decedent, thereby permitting Decedent to work with and/or around hazardous benzene and/or benzene-containing products and/or toxic substances without adequate protection; and

(j)      Deliberately, intentionally, wantonly and designedly failed 1) to provide medical examinations, 2) failed to determine past benzene and/or toxic substance exposure of their employees and 3) failed to identify those trades that came into contact with benzene and/or benzene-containing products and/or toxic substances they supplied and/or manufactured.

11.      In failing to act on each of these items as listed in Paragraph 10, both individually and collectively, Employer Defendants deliberately, intentionally, wantonly and designedly engaged in conduct designed to actively and fraudulently conceal and suppress material facts knowing Decedent would rely on these facts to his detriment and cause him bodily harm.

11

12. In failing to act on each of these items as listed in Paragraph 10, both individually and collectively, Employer Defendants through their silence deliberately, intentionally, wantonly and designedly engaged in false and deceptive conduct of a material nature, knowing or believing said conduct to be false and doing it for the purpose of inducing Decedent to continue to work for Employer Defendants, causing him bodily harm. Decedent reasonably believed and relied on Defendants' conduct to his detriment.

13. In failing to act on each of these items as listed in Paragraph 10, both individually and collectively, Employer Defendants committed, commanded or expressly authorized the fraudulent concealment of the known dangers of benzene and/or other toxic substances intending that the Decedent would rely on their silence and thereby inhale and/or come into contact with benzene and/or benzene-containing products and/or toxic substances and become injured.

14. Employer Defendants undertook a duty to provide a safe work environment for Decedent. Employer Defendants knew that Decedent relied on them to provide a safe work environment. In permitting and knowing that Decedent would rely on Employer Defendants to provide a safe workplace, Employer Defendants deliberately, intentionally, wantonly and designedly engaged in a false representation of material fact, knowing it to be false and doing it for the purpose of inducing Decedent to continue to work for Employer Defendants. Decedent reasonably believed and relied on Defendants' false representations to his detriment. By this conduct, Employer Defendants intended to cause bodily harm to Decedent.

12

15. As a proximate cause of each of the foregoing acts or omissions, active concealments and false representations, and intentional and wanton conduct, both individually and collectively, the Decedent was exposed to, inhaled, or otherwise came into contact with great amounts of benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which sickened, disfigured, and eventually killed Decedent; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for their economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT IV

### WILFUL AND WANTON COUNT AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Employer Defendants")

13

1. – 5. Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count IV.

6. – 9. Plaintiffs repeat and re-allege paragraphs 6, 7, 8 and 9 of Count III as and for paragraphs 6, 7, 8 and 9 of this Count IV.

10.     Employer Defendants, through their officers and agents, knew or should have known that benzene and/or benzene-containing products and/or toxic substances which they supplied and/or manufactured were a health hazard to their employees who worked with and around them and, in the alternative, had no positive proof that prolonged exposure to benzene and/or benzene-containing products and/or toxic substances was safe.

11.     Employer Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

        (a)    Intentionally or with reckless disregard for the safety of Decedent, furnished benzene and/or benzene-containing products and/or toxic substances to Decedent for use in his duties as their employee;

        (b)    Intentionally or with reckless disregard for the safety of Decedent, failed to warn Decedent about the known dangers of benzene and/or toxic substance exposure;

        (c)    Intentionally or with a reckless disregard for the safety of Decedent, failed to inform Decedent of their known potentially hazardous work place as a result of benzene and/or toxic substance exposure;

        (d)    Intentionally or with reckless disregard for the safety of Decedent, failed to replace the hazardous benzene-containing products and/or toxic substances with substitutes which they knew or should have known were available;

        (e)    Intentionally or with reckless disregard for the safety of Decedent, made Decedent work in dangerous areas of their

14

facility knowing that it posed a significant health hazard to employees because of the presence of benzene and/or benzene-containing products and/or toxic substances;

(f)     Intentionally or with reckless disregard for the safety of Decedent, failed to restrict Decedent from working in dangerous areas of their facility which had been identified as posing a significant health hazard because of the presence of benzene and/or benzene-containing products and/or toxic substances;

(g)     Intentionally or with reckless disregard for the safety of Decedent, failed to provide any or adequate instructions concerning the safe methods of working with and around the products they supplied and/or manufactured, including specific instructions on how to avoid inhaling or coming in contact with benzene and/or benzene-containing products and/or toxic substances;

(h)     Intentionally or with reckless disregard for the safety of Decedent, failed to provide masks, respirators or other protective apparel to Decedent, thereby permitting Decedent to work around hazardous benzene and/or benzene-containing products and/or toxic substances without protection; and

(i)     Intentionally or with reckless disregard for the safety of Decedent, failed 1) to provide medical examinations, 2) failed to determine past benzene and/or toxic substances exposure of its employees and workers, and 3) failed to identify those trades that came into contact with benzene and/or benzene-containing products and/or toxic substances they supplied and/or.

12.     In failing to act on each of these items as listed in Paragraph 11, both individually and collectively, Employer Defendants intentionally or with reckless disregard for the safety of Decedent engaged in a course of conduct designed to actively conceal and suppress material facts knowing Decedent would rely on those facts to his detriment and cause him bodily harm.

13.     In failing to act on each of these items as listed in Paragraph 11, both individually and collectively, Employer Defendants, through their silence, intentionally or with reckless disregard for the safety of Decedent, engaged in false and deceptive conduct of a material nature, knowing or believing said conduct to be false and doing it for the purpose of inducing Decedent to continue to work for them, causing him bodily harm. Decedent reasonably believed and relied on Employer Defendants' conduct to his detriment.

14.     Plaintiffs repeat and re-allege Paragraph 15 of Count III as and for Paragraph 14 of this Count IV.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for their economic damages in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, punitive and exemplary damages.

## COUNT V

### FRAUDULENT MISREPRESENTATION AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Premise Defendants")

1. - 5. Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count V.

6.     During the course of his employment at the OWENS-ILLINOIS GLASS PLANT in Oakland, CA, the Decedent was exposed to, inhaled and/or came into contact with benzene and/or benzene-containing products and/or toxic substances he was working with and around, which products were supplied and/or manufactured by Defendants OWENS-ILLINOIS, INC.

16

(sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Premise Defendants"). Premise Defendants were in control of the above-referenced facility where Decedent worked at the time of his exposure, inhalation and/or contact with benzene and/or benzene-containing products and/or toxic substances that he worked with and/or around.

7.    Decedent was unaware of the dangers of the benzene and/or benzene-containing products and/or toxic substances which rendered them unsafe for their intended use. At the time Decedent used or worked around these products, such use was in a manner that was reasonably anticipated by Premise Defendants.

8.    That on or about June 2009, Decedent first became aware that he had developed AML. However, the Decedent and/or Plaintiffs later learned that said disease was wrongfully caused. Decedent died of AML on or about April 13, 2010.

9.    Premise Defendants, through their officers and employees, knew or should have known that benzene and/or benzene-containing products and/or toxic substances which they supplied and which were used extensively throughout their facility, were a health hazard to people who worked with and around them, and in the alternative, had no positive proof that prolonged exposure to the benzene and/or benzene derivatives and/or toxic substances contained in their products that were used at their facility was safe. Notwithstanding this knowledge, Premise Defendants, who controlled the premise at the time of Decedent's exposure, engaged in the following omissions or commissions:

> (a)    Deliberately, intentionally, wantonly and designedly furnished benzene and/or benzene-containing products

17

and/or toxic substances to Decedent for use in his duties at
their facility;

(b) Deliberately, intentionally, wantonly and designedly failed
to warn Decedent about the known dangers of benzene
and/or toxic substance exposure at their facility;

(c) Deliberately, intentionally, wantonly and designedly failed
to inform Decedent of their known potentially hazardous
work place as a result of benzene and/or toxic substance
exposure;

(d) Deliberately, intentionally, wantonly and designedly failed
to replace the hazardous benzene-containing products
and/or toxic substances with substitutes which they knew or
should have known were available;

(e) Deliberately, intentionally, wantonly and designedly failed
to contain the unsafe work environment although they
knew or should have known that containment was
available;

(f) Deliberately, intentionally, wantonly and designedly made
Decedent work in dangerous areas of the facility knowing
that it posed a significant health hazard to people because
of exposure to benzene and/or benzene-containing products
and/or toxic substances;

(g) Deliberately, intentionally, wantonly and designedly failed
to restrict Decedent from working in dangerous areas of the
facility which had been identified as posing a significant
health hazard because of exposure to benzene and/or
benzene-containing products and/or toxic substances;

(h) Deliberately, intentionally, wantonly and designedly failed
to provide any or adequate instructions concerning the safe
methods of working with and around the products they
supplied, including specific instructions on how to avoid
inhaling or otherwise coming into contact with benzene
and/or benzene-containing products and/or toxic
substances;

(i) Deliberately, intentionally, wantonly and designedly failed
to provide masks, respirators or other protective apparel to

18

Decedent, thereby permitting Decedent to work around
hazardous benzene and/or benzene-containing products
and/or toxic substances without protection; and

(j)     Deliberately, intentionally, wantonly and designedly failed
1) to provide medical examinations, 2) failed to determine
past benzene and/or toxic substance exposure of their
employees and workers, and 3) failed to identify those
trades that came into contact with benzene and/or benzene-
containing products and/or toxic substances they supplied.

10.     In failing to act on each of these items as listed in Paragraph 9, both individually
and collectively, Premise Defendants deliberately, intentionally, wantonly and designedly
engaged in conduct designed to actively conceal and suppress material facts knowing Decedent
would rely on these facts to his detriment and cause him bodily harm.

11.     In failing to act on each of these items as listed in Paragraph 9, both individually
and collectively, Premise Defendants through their silence deliberately, intentionally, wantonly
and designedly engaged in false and deceptive conduct of a material nature, knowing or
believing said conduct to be false and doing it for the purpose of inducing Decedent to continue
to work at Premise Defendants' facility, causing him bodily harm. Decedent reasonably believed
and relied on Defendants' conduct to his detriment.

12.     In failing to act on each of these items as listed in Paragraph 9, both individually
and collectively, Premise Defendants committed, commanded or expressly authorized the
concealment of the known dangers of benzene and/or toxic substances intending that the
Decedent would rely on their silence and thereby inhale and/or come in contact with benzene
and/or benzene-containing products and/or toxic substances and become injured.

13.     Premise Defendants undertook a duty to provide a safe work place for Decedent.
Premise Defendants knew that Decedent relied on them to provide a safe work place. In

19

permitting and knowing that Decedent would rely on Premise Defendants to provide a safe work place, Premise Defendants deliberately, intentionally, wantonly and designedly engaged in a false representation of a material fact, knowing it to be false and doing it for the purpose of inducing Decedent to continue to work at Premise Defendants' facility. Decedent reasonably believed and relied on Defendants' false representations to his detriment. By this conduct, Premise Defendants intended to cause bodily harm to Decedent.

14.     As a proximate cause of each of the foregoing acts or omissions, active concealments and false representations, and intentional and wanton conduct, both individually and collectively, the Decedent was exposed to, inhaled, or otherwise came into contact with great amounts of benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which sickened, disfigured, and eventually killed Decedent; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

20

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for their economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT VI

### BATTERY AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Premise Defendants")

1. - 5.  Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count VI.

6. - 9.  Plaintiffs repeat and re-allege Paragraphs 6, 7, 8 and 9 of Count V as and for Paragraphs 6, 7, 8 and 9 of this Count VI.

10.     In failing to act on each of these items as listed in Paragraph 9, both individually and collectively, Premise Defendants, through their silence deliberately, intentionally, wantonly and designedly concealed the known dangers of benzene and/or benzene-derivatives and/or toxic substances, intending that Decedent would come in contact with benzene and/or benzene-containing products and/or toxic substances without his consent.

11.     In failing to act on each of these items as listed in Paragraph 9, both individually and collectively, Premise Defendants, through their silence, deliberately, intentionally, wantonly and designedly engaged in a course of conduct intending that Decedent would inhale and/or come in contact with benzene and/or benzene-containing products and/or toxic substances and become injured.

12.     In failing to act on each of these items as listed in Paragraph 9, both individually and collectively, Premise Defendants committed, commanded or expressly authorized the

21

concealment of the known dangers of benzene and/or benzene derivatives and/or toxic substances intending that the Decedent would come in contact with benzene and/or benzene-containing products and/or toxic substances and inhale and/or otherwise come in contact with benzene and/or benzene-containing products and/or toxic substances which would result in Decedent's injury.

13.     Plaintiffs repeat and re-allege Paragraph 14 of Count V as and for Paragraph 13 of this Count VI.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for their economic damages, which will fairly and reasonably compensate for the Plaintiffs' injuries.

## COUNT VII

### NEGLIGENCE AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Premise Defendants")

1. - 5. Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count VII.

6. - 9. Plaintiffs repeat and re-allege Paragraphs 6, 7, 8 and 9 of Count VI as and for Paragraphs 6, 7, 8 and 9 of this Count VII.

22

10.     Premise Defendants, through their officers and employees, knew or should have known that benzene and/or benzene-containing products and/or toxic substances which they supplied and which were used extensively throughout the facility, were a health hazard to people who worked with and around them and, in the alternative, had no positive proof that prolonged exposure to benzene and/or benzene derivatives and/or toxic substances was safe.

11.     Premise Defendants, as employers of Decedent and owners of the facility, owed to Decedent a duty to provide a safe place to work and a duty to give Decedent timely notice of latent or concealed dangers which were known or should have been known by Premise Defendants.

12.     Premise Defendants, who controlled the premise at the time of Decedent's exposure, breached their duties to Decedent by engaging in the following omissions or commissions:

> (a)     Negligently furnished benzene and/or benzene-containing products and/or toxic substances to Decedent for use in his duties at the facility;
>
> (b)     Negligently failed to warn Decedent about the known dangers of benzene and/or toxic substance exposure at the facility;
>
> (c)     Negligently failed to inform Decedent of their known potentially hazardous work place as a result of benzene and/or toxic substance exposure;
>
> (d)     Negligently failed to replace the benzene and/or benzene-containing products and/or toxic substances with benzene substitutes which they knew or should have known were available;
>
> (e)     Negligently failed to contain the unsafe work environment although they knew or should have known that containment processes were available;

23

(f)     Negligently made Decedent work in dangerous areas of the facility knowing that it posed a significant health hazard to people because of exposure to benzene and/or benzene-containing products and/or toxic substances;

(g)     Negligently failed to restrict Decedent from working in dangerous areas of the facility which had been identified as posing a significant health hazard because of exposure to benzene and/or benzene-containing products and/or toxic substances;

(h)     Negligently failed to provide any or adequate instructions concerning the safe methods of working with and around the products they supplied, including specific instructions on how to avoid inhaling and/or otherwise coming in contact with benzene and/or benzene-containing products and/or toxic substances;

(i)     Negligently failed to provide masks, respirators or other protective apparel to Decedent, thereby permitting Decedent to work around hazardous benzene and/or benzene-containing products and/or toxic substances without protection; and

(j)     Negligently failed 1) to provide medical examinations, 2) failed to determine past benzene and/or toxic substance exposure of their employees and workers, and 3) failed to identify those trades that came into contact with benzene and/or benzene-containing products and/or toxic substances they supplied.

13.     Premise Defendants undertook a duty to provide a safe work place for Decedent. Premise Defendants knew that Decedent relied on them to provide a safe work place. In permitting and knowing that Decedent would rely on Premise Defendants to provide a safe work place, Premise Defendants negligently engaged in a false representation of a material fact, knowing it to be false and doing it for the purpose of inducing Decedent to continue to work at Premise Defendants' facility. Decedent reasonably believed and relied on Premise Defendants' representation to his detriment.

14.     The breach by Premise Defendants of their duties to Decedent was a direct and proximate cause of his development and contraction his AML and resulted in damages more particularly described below.

15.     As a direct and proximate cause of each of the foregoing negligent acts or omissions, both individually and collectively, the Decedent was exposed to and inhaled great amounts of benzene and/or benzene-containing products and/or toxic substances which sickened, disfigured, and eventually killed Decedent; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for their economic damages, which will fairly and reasonably compensate for the Decedent's injuries.

25

## COUNT VIII

## WILFUL AND WANTON COUNT AGAINST OWENS ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLIONIS GLASS COMPANY) and OWENS-BROCKWAY GLASS CONTAINER, INC. (successor-by-merger to OWENS-ILLINOIS, INC.) ("Premise Defendants")

1. - 5. Plaintiffs incorporate by reference paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count VIII.

6. - 8. Plaintiffs repeat and re-allege Paragraphs 6, 7 and 8 of Count VII as and for Paragraphs 6, 7 and 8 of this Count VIII.

9. Premise Defendants, through their officers and employees, knew or should have known that benzene and/or benzene-containing products and/or toxic substances which they supplied and which were used extensively throughout their facility, were a health hazard to people who worked with and around them, and in the alternative, had no positive proof that prolonged exposure to benzene and/or benzene-containing products and/or toxic substances was safe.

10. Premise Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

- (a) Intentionally or with reckless disregard for the safety of Decedent, furnished benzene and/or benzene-containing products and/or toxic substances to Decedent for use in his duties at the facility;

- (b) Intentionally or with reckless disregard for the safety of Decedent, failed to warn Decedent about the known dangers of benzene and/or toxic substances exposure at their facility;

- (c) Intentionally or with a reckless disregard for the safety of Decedent, failed to inform Decedent of their known

26

potentially hazardous work place as a result of benzene and/or toxic substances exposure;

(d) Intentionally or with reckless disregard for the safety of Decedent, failed to replace the hazardous benzene-containing products and/or toxic substances with substitutes which they knew or should have known were available;

(e) Intentionally or with reckless disregard for the safety of Decedent, failed to contain the unsafe work environment although they knew or should have known that containment processes were available;

(f) Intentionally or with reckless disregard for the safety of Decedent, made Decedent work in dangerous areas of the facility knowing that it posed a significant health hazard to people because of the presence of benzene and/or benzene-containing products and/or toxic substances;

(g) Intentionally or with reckless disregard for the safety of Decedent, failed to restrict Decedent from working in dangerous areas of the facility which had been identified as posing a significant health hazard because of the presence of benzene and/or benzene-containing products and/or toxic substances;

(h) Intentionally or with reckless disregard for the safety of Decedent, failed to provide any or adequate instructions concerning the safe methods of working with and around the products they supplied, including specific instructions on how to avoid inhaling or coming in contact with benzene and/or benzene-containing products and/or toxic substances;

(i) Intentionally or with reckless disregard for the safety of Decedent, failed to provide masks, respirators or other protective apparel to Decedent, thereby permitting Decedent to work around hazardous benzene and/or benzene-containing products and/or toxic substances without protection; and

(j) Intentionally or with reckless disregard for the safety of Decedent, failed 1) to provide medical examinations, 2) failed to determine past benzene and/or toxic substance

> exposure of their employees and workers, and 3) failed to
> identify those trades that came into contact with benzene
> and/or benzene-containing products and/or toxic substances
> they supplied.

11.     In failing to act on each of these items as listed in Paragraph 10, both individually and collectively, Premise Defendants intentionally or with reckless disregard for the safety of Decedent engaged in a course of conduct designed to actively conceal and suppress material facts knowing Decedent would rely on those facts to his detriment and cause him bodily harm.

12.     In failing to act on each of these items as listed in Paragraph 10, both individually and collectively, Premise Defendants, through their silence, intentionally or with reckless disregard for the safety of Decedent, engaged in false and deceptive conduct of a material nature, knowing or believing said conduct to be false and doing it for the purpose of inducing Decedent to continue to work at their facility, causing him bodily harm.  Decedent reasonably believed and relied on Premise Defendants' conduct to his detriment.

13.     Plaintiffs repeat and re-allege Paragraph 15 of Count VII as and for Paragraph 13 of this Count VIII.

WHEREFORE, Plaintiffs pray that they be awarded, in addition to their economic damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, punitive and exemplary damages.

## COUNT IX

## STRICT LIABILITY

1. - 5.  Plaintiffs herein incorporate by reference Paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count IX.

28

6.     At the time Defendants manufactured, sold and distributed the benzene and/or benzene-containing products and/or toxic substances to which Decedent was exposed, said products were in a defective condition and were unreasonably dangerous in that said products were not accompanied by any warnings or by adequate warnings advising of the danger of bodily harm or death resulting from exposure to benzene and/or toxic substances or of precautions to be employed in the use of benzene and/or benzene-containing products and/or toxic substances in order to avoid injury or death.

7.     Said products reached the point of Decedent's exposure in substantially the same condition as when manufactured in Defendants' laboratory and when distributed to their employees for use.

8.     At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

9.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Decedent inhaled and/or came into contact with great amounts of benzene and/or benzene-containing fumes and/or toxic substances causing Decedent to develop AML, which ultimately led to his death; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would

29

have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT X

### NEGLIGENCE

1. - 5. Plaintiffs herein incorporate by reference Paragraphs 1 through 5 of the General Allegations for paragraphs 1 through 5 of this Count X.

6. At all times herein set forth, the products of Defendants were being employed in the manner and for the purposes for which they were intended.

7. Decedent's exposure to, inhalation and/or contact with the benzene and/or benzene-containing products and/or toxic substances was completely foreseeable and could or should have been anticipated by the Defendants.

8. Defendants knew or should have known that the benzene and/or benzene-derivatives and/or toxic substances contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling the fumes and coming into contact with the benzene and/or benzene-containing products and/or toxic substances.

30

9.    At all times herein relevant, Defendants had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with or around the Defendants' benzene and/or benzene-containing products and/or toxic substances.

10.    Defendants failed to exercise ordinary care and caution for the safety of Decedent in that they failed to provide any or adequate instructions concerning the safe methods of working with or around their benzene and/or benzene-containing products and/or toxic substances, including specific instructions on how to avoid inhaling the fumes and/or coming into contact with the benzene and/or benzene-containing products and/or toxic substances.

11.    As a direct and proximate result of said failure, Decedent inhaled and/or came into contact with great amounts of benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which ultimately led to his death; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

31

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT XI

## WILFUL AND WANTON MISCONDUCT

1. - 9.  Plaintiffs herein incorporate by reference Paragraphs 1 through 9 of Count X for paragraphs 1 through 9 of this Count XI of this Petition.

10.  Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct in that they:

> (a)  Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling or coming into contact with benzene and/or benzene-containing products and/or toxic substances; and/or

> (b)  Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling and/or coming into contact with benzene and/or benzene-containing products and/or toxic substances.

11.  As a direct and proximate result of said acts or omissions, Decedent was exposed to, inhaled, and/or came into contact with great amounts of benzene and/or benzene-containing products and/or toxic substances causing Decedent to develop AML, which ultimately lead to his death; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his

32

AML, including the medical monitoring of his AML; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of his inhalation and/or contact with said benzene and/or benzene-containing products and/or toxic substances; as a further result of his AML, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his estate; further, by reason of the death of the Decedent, his family has been deprived of his support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiffs pray that, in addition to actual and compensatory damages, Plaintiffs be awarded punitive and exemplary damages against the Defendants jointly and severally in an amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

## COUNT XII

## LOSS OF CONSORTIUM

1.      Plaintiffs incorporate by reference all paragraphs of Counts I – XI as paragraph 1 of this Count XII.

2.      At all relevant times, and particularly prior to Decedent's diagnosis with AML, Plaintiff Joan Linton was the wife of Decedent.

3.      As a direct and proximate result of Defendants' conduct set forth in Counts I - XI and the injury suffered by her husband, Plaintiff Joan Linton, as well as other family members, has suffered interference with and impairment of their marital relationship and all those elements of married life Plaintiff Joan Linton was accustomed to receiving, including, but not limited to, support, devotion, care, society and consortium.

33

WHEREFORE, Plaintiffs pray judgment be entered against Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

Respectfully submitted,

GORI, JULIAN & ASSOCIATES, P.C.

By:_____

Randy L. Gori, #47619
Barry Julian, #45962
Attorneys for Plaintiffs
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833
(618) 659-9834 (facsimile)

34