UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JOAN LINTON**, **SHARON LINTON**, **JAMES LINTON**, **FRANKLIN LINTON III**, **DIRK LINTON**, **DANIEL LINTON**, **CHRISTINA LYNN**, **JASON LINTON**, and **MICHELLE MESERAULL**, as surviving heirs of **FRANKLIN LINTON, JR.**, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> **OWENS-ILLINOIS, INC.** (sued individually and as successor-in-interest to OWENS ILLINOIS GLASS COMPANY), and **OWENS-BROCKWAY GLASS CONTAINER INC.** (successor-by-merger to OWENS-ILLINOIS, INC.), <br><br> Defendants. | Case No. 4:12-cv-00960-AGF <br><br> Judge Audrey G. Fleissig |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT
MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**

Defendants Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7-4.01(A), respectfully submit this Memorandum in Support of Their Joint Motion to Dismiss Plaintiffs' Complaint with Prejudice.

**INTRODUCTION**

Plaintiffs have brought various common law tort claims alleging that Franklin Linton, Jr. was exposed to benzene and other toxic substances "as a floor boy, mechanic, foreman and eventually plant manager *employed* by the Owens-Illinois Glass Company at its facility located in Oakland, *California*, from approximately 1957-1987." (*See* Pls.' Compl. 2, at ¶ 2, ECF No. 4 (emphasis added).) Under California law, however, the Workers' Compensation Act is "the *sole and exclusive* remedy of the employee or his or her dependents against the employer, and the fact

that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer." Cal. Labor Code § 3602(a) (emphasis added). As a result, Plaintiffs' claims are precluded because any claim against Mr. Linton's former employer, and its alleged successors, falls solely and exclusively within the provisions of the California Workers' Compensation System. For these reasons, Defendants are entitled to the dismissal of Plaintiffs' Complaint with prejudice for failure to state a claim.[1]

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not be sufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Furthermore, a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief," such as "when an affirmative defense appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citation omitted).

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural*

---

[1] Plaintiffs' Complaint does not contain any allegations that the independent corporate forms of Owens-Illinois, Inc. and Owens-Brockway Glass Container Inc. should be disregarded. Instead, Plaintiffs obfuscate the issue by simply defining them both as "Employer Defendants," "Premise Defendants," and "Defendants." Even so, accepting Plaintiffs' allegations as true for the purpose of this motion, Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc. are identified as successors to Owens-Illinois Glass Company and therefore entitled to relief under the California Workers' Compensation Act. *See Gunnell v. Metrocolor Labs., Inc.*, 92 Cal. App. 4th 710, 715, 729 (Cal. Ct. App. 2001) (entering judgment for Metrocolor Laboratories, Inc. and its successor, Time Warner Entertainment Company, under the exclusive-remedy provision).

*Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### I.   THE CALIFORNIA WORKERS' COMPENSATION ACT GOVERNS THIS ACTION.

To determine what substantive law governs, a Missouri federal court sitting in diversity applies the Missouri law of conflicts. *Ewing v. St. Louis-Clayton Orthopedic Group, Inc.*, 790 F.2d 682, 684 (8th Cir. 1986). Missouri courts have adopted the most significant relationship test to decide choice-of-law issues in tort. *Id.* (citing *Restatement (Second) of Conflict of Laws* § 145 (1971)); *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 436-37 (Mo. banc 1984).

In particular, when employees sustain injuries by virtue of their employment, the most significant contacts are "clearly" with the workers' compensation laws of the foreign state. *Ewing*, 790 F.2d at 684. Indeed, Missouri courts have uniformly held that workers' compensation exclusivity provisions of the foreign state should apply. *Id.* (holding Missouri court should apply Illinois workers' compensation law to decide whether suit by Illinois worker was barred); *Davis v. Liberty Mut. Ins. Co.*, 840 F. Supp. 90, 92 (E.D. Mo. 1993) (holding Missouri courts should apply Iowa workers' compensation law to decide whether action by Iowa worker was barred); *Huntgate v. Hudson*, 169 S.W.2d 682, 683 (Mo. 1943) (holding Illinois workers' compensation laws should apply to decide whether suit by Illinois worker was barred); *Blum v. Airport Terminal Servs., Inc.*, 762 S.W.2d 67, 71 (Mo. Ct. App. E.D. 1988) (holding Canada workers' compensation laws should apply to decide whether suit by Canadian worker was barred); *Reinagel v. Edwin Cooper, Inc.*, 688 S.W.2d 375, 377 (Mo. Ct. App. E.D. 1985)

(holding Illinois workers' compensation laws should apply to decide whether suit by Illinois worker was barred).

In this case, Plaintiffs allege the only relationship and contacts to be taken into account between Mr. Linton and Defendants are his employment in California.  (Pls.' Compl. 2, at ¶ 2.) According to their Complaint, Mr. Linton was "employed by the Owens-Illinois Glass Company at its facility located in Oakland, California, from approximately 1957-1987."  (*Id.*)  In fact, every count "incorporates by reference" that very allegation, and it is literally the only factual information this Court can glean from Plaintiffs' Complaint.  (*Id.* 3-33.)  As in the chorus of Missouri decisions above, the most significant relationship here is "clearly" with California and its workers' compensation laws.  *See, e.g.*, *Ewing*, 790 F.2d at 684.

## II.  THE CALIFORNIA WORKERS' COMPENSATION ACT PRECLUDES THIS ACTION ENTIRELY.

Under the California Workers' Compensation Act, employees who suffer an injury as a result of their employer's conduct receive workers' compensation and are generally barred from suing their employer in tort.  *See* Cal. Labor Code § 3602.  The exclusive-remedy provision preempts common law claims and limits recovery to workers' compensation:

> the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer.

Cal. Labor Code § 3602(a).

### A.  THE CALIFORNIA WORKERS' COMPENSATION ACT ENSURES EMPLOYEES PROMPT AND REASONABLE COMPENSATION, AND IN EXCHANGE, FORECLOSES TORT LIABILITY.

More broadly, the California Workers' Compensation Act creates a comprehensive statutory scheme for addressing all injuries "arising out of and in the course of the employment,"

including injuries caused by unsafe workplace conditions. Cal. Labor Code § 3600(a). Where coverage exists, workers' compensation is therefore "the sole and exclusive remedy of the employee . . . against the employer." *Id.* § 3602(a); *accord Davis v. Lockheed Corp.*, 13 Cal. App. 4th 519, 521 (Cal. Ct. App. 1993) ("As a general rule, an employee injured in the course of employment is limited to the remedies available under the Workers' Compensation Act.").

This exclusive-remedy provision is based on "the compensation bargain." The employer avoids the costs and burdens of civil litigation and assumes liability in a workers' compensation forum for work-related injury "without regard to fault in exchange for limitations on the amount of that liability," while the employee receives speedy, guaranteed compensation for work-related injury "without having to prove fault," but "[i]n exchange, the employee gives up the wider range of civil tort damages potentially available." *Gunnell v. Metrocolor Labs., Inc.*, 92 Cal. App. 4th 710, 720 (Cal. Ct. App. 2001). As a result, the exclusive-remedy provision furthers the interests of both employers and employees by freeing them from the substantial costs and uncertainties of civil litigation. *See id.* (affirming trial court's grant of judgment notwithstanding the verdict where trial court found exclusive-remedy provision barred plaintiffs' civil action).

In this case, Plaintiffs have ostensibly refused to file a California workers' compensation claim for Mr. Linton's alleged workplace injuries — the proper, exclusive, and most expeditious remedy. Instead, Plaintiffs brought their claims to Missouri for "the wider range of civil tort damages potentially available." *Gunnell*, 92 Cal. App. 4th at 720. Yet, the California Workers' Compensation System remains their exclusive forum under the previously struck "compensation bargain." *Id.* Every employer, like Defendants here, and every employee, like Mr. Linton, are entitled to have that bargain kept and their statutory rights enforced. However, the cost of vindicating statutory rights is not the significant expense and effort of participating in civil tort

litigation half-way across the country in Missouri. Under not only the clear language of the California Workers' Compensation Act, but also its legislatively determined purpose, Plaintiffs' Complaint should be dismissed with prejudice.

### B. THE CALIFORNIA WORKERS' COMPENSATION ACT EVEN ENSURES THE EXCLUSIVE REMEDY FOR EMPLOYER WILLFUL MISCONDUCT.

Furthermore, the California Workers' Compensation Act applies even when employees allege "egregious misconduct by the employer," such as the employer exposed employees "to a dangerous chemical substance and concealed the danger from those employees." *Gunnell*, 92 Cal. App. 4th at 714. That is, the California Workers' Compensation System itself provides employees with additional damage remedies, and potentially subjects employers to statutory penalties, for any alleged egregious or intentional conduct through a statutory application. *See* Cal. Labor Code § 4553; *Johns-Manville Prods. Corp. v. Superior Court*, 27 Cal. 3d 465, 473 (Cal. App. Ct. 1980).

Indeed, California courts have consistently applied the exclusive-remedy provision when the employer knowingly fails to maintain a safe workplace for the employee, intentionally misrepresents the danger of the employee's working conditions, or both. *E.g.*, *Johns-Manville Prods. Corp.*, 27 Cal. 3d at 474-75; *Gunnell*, 92 Cal. App. 4th at 714 (workers' compensation is the exclusive remedy for intentional infliction of emotional distress, strict liability ultrahazardous activity, civil conspiracy, battery, and fraud); *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 752 (Ca. App. Ct. 1992) ("the proposition that intentional or egregious employer conduct is necessarily outside the scope of the workers' compensation scheme is erroneous"); *Fermino v. Fedco*, 7 Cal. 4th 701, 713 (Ca. App. Ct. 1994) (rejecting argument that "employer conduct that appeared on its face to be a normal part of the employment relationship could be brought outside the exclusivity rule merely because the mental state of the employer rendered the conduct

intentionally or knowingly tortious"); *Williams v. Int'l Paper Co.*, 129 Cal. App. 3d 810, 813 (Cal. App. Ct. 1982) (workers' compensation is the exclusive remedy for an employee who alleged that his employer intentionally failed to correct hazardous working conditions, despite knowledge that a dangerous explosion was substantially likely to occur); *Wright v. FMC Corp.*, 81 Cal. App. 3d 777, 779 (Cal. App. Ct. 1978) (workers' compensation is the exclusive remedy for an employee whose employer allegedly concealed the dangers inherent in the employee's work materials).

In *Johns-Manville*, the employee sued his employer, an asbestos manufacturer, with the intentional torts of fraud and conspiracy. 27 Cal. 3d at 469. The plaintiff alleged the following facts (which the California Supreme Court accepted as true in reviewing the trial court's denial of a motion for judgment on the pleadings): that he was exposed to asbestos at his workplace for 29 years, which the employer knew to be harmful to human health; that the employer concealed this knowledge from him and, indeed, advised him that his work environment was safe; that the employer violated state and federal regulations by failing to provide him with adequate protective devices; that the employer retained unqualified doctors to examine the him; and that the employer failed to advise these doctors of the his pulmonary disease or that he worked with asbestos and deliberately failed to file a workplace injury report on behalf of the him, as was required by law. *Id.*

Notwithstanding the "egregious" nature of this conduct, the California Supreme Court found the plaintiff's exclusive remedy was still workers' compensation:

> Such conduct may be characterized as intentional or even deceitful. Yet if an action at law were allowed as a remedy, many cases cognizable under workers' compensation would also be prosecuted outside that system . . . . It seems clear that section 4553 [of the Labor Code, which provides for penalties within the workers' compensation system for willful conduct] is the sole remedy for additional compensation against an employer whose employee is injured in the

first instance as the result of a deliberate failure to assure the physical environment of the work place is safe.

*Id.* at 474.

In the federal courts, *Migliori v. Boeing North American, Inc.*, 97 F. Supp. 2d 1001 (C.D. Cal. 2000), provides a recent application of the exclusive-remedy provision.  There, the plaintiffs (an employee and his spouse) alleged that Boeing failed to provide safety precautions in violation of various employee safety laws; further, Boeing allegedly knew that it was exposing the employee-plaintiff to excessive amounts of radiation, causing him to develop cancer.  *Id.* at 1004-05, 1012.  Accepting the allegations as true and applying California law, the district court still dismissed the negligence, loss of consortium, intentional infliction of emotional distress, and fraudulent concealment claims.  *See id.*  Put simply, the "Workers' Compensation Act is 'the sole and exclusive remedy of the employee or his or her dependents against the employer' for employment related injuries."  *Id.* at 1012 (quoting Cal. Labor Code § 3602(a)).

So too here, Plaintiffs' allegations of intentional misconduct (which Defendants strenuously deny and question under the strictures of Federal Rule of Civil Procedure 11) are still resolved under the California Workers' Compensation Act and its built-in statutory penalties for serious and willful misconduct.  *See* Cal. Labor Code § 4553.  This is true even when the employer's conduct is allegedly "egregious," "'intentional or even deceitful.'"  *Gunnell*, 92 Cal. App. 4th at 714, 721.  In fact, Plaintiffs' accusations, even accepted as true, accomplish nothing more than to bring this case squarely within the holdings of *Johns-Manville* and its uniform progeny.  "To permit an action at law for damages for any intentional misconduct by an employer would significantly disturb the compensation bargain," and therefore an employee's "only remedy would be to prosecute his claim under the workers' compensation law."  *Id.* at 714 (quoting in part *Johns-Manville*, 27 Cal. 3d at 474-75).  Plaintiffs' Complaint should be

dismissed, irrespective of their allegations of intentional misconduct, and Plaintiffs should seek to prosecute their exclusive remedy as the law requires in the California Workers' Compensation System.

### C. PLAINTIFFS HAVE NOT ALLEGED ANY STATUTORY EXCEPTION TO THE CALIFORNIA WORKERS' COMPENSATION ACT.

After the California Supreme Court's decision in *Johns-Manville*, the California legislature enacted three limited exceptions to the exclusive-remedy provision in 1982. *See* Cal. Labor Code § 3602(b)(1)-(3).[2] But it does not matter here. Plaintiffs have not claimed any of these exceptions apply, and no amount of repleading would help them to state plausible claims. Indeed, "courts should liberally construe complaints in favor of the exclusive application of workers' compensation proceedings." *Barth v. Firestone Tire & Rubber Co.*, 673 F. Supp. 1466, 1474 (N.D. Cal. 1987) (dismissing benzene class action complaint for failure to state a claim).

#### 1. PLAINTIFFS HAVE NOT ALLEGED THE STATUTORY WILLFUL PHYSICAL ASSAULT EXCEPTION.

Under the first limited exception, an employee may bring an action at law "where the employee's injury or death is proximately caused by a willful physical assault by the employer." Cal. Labor Code § 3602(b)(1). "It is clear that this exception applies to cases where an employer 'beats up' an employee." *Barth*, 673 F. Supp. at 1474. Accordingly, the "willful physical

---

[2] "An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer. (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer. (3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person." Cal. Labor Code § 3602(b)(1)-(3) (paragraphs omitted).

assault" does not apply to an employer's "deliberately mislabelling containers and misrepresenting the contents and safety of those containers, thereby intentionally exposing workers to dangerous and potentially lethal toxic substances." *Id.* As in *Barth*, the Plaintiffs' Complaint cannot escape the exclusive-remedy provision because exposure to benzene, even when caused by deliberate misrepresentations and thus intentional exposure, simply does not constitute "a willful physical assault by the employer" under the California Workers' Compensation Act. *Id.* Therefore, the first statutory exception does not apply.

### 2. PLAINTIFFS HAVE NOT ALLEGED THE STATUTORY AGGRAVATION OF INJURY DUE TO FRAUDULENT CONCEALMENT EXCEPTION.

Under the second limited exception, an employee may bring an action at law "where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation." Cal. Labor Code § 3602(b)(2). "The exception only allows recovery for the aggravation of the personal injury caused by the concealment. Recovery for damages 'from contracting the disease in the first instance' can only be obtained through the workers' compensation program." *Migliori*, 97 F. Supp. 2d at 1012 (quoting *Foster v. Xerox Corp.*, 40 Cal. 3d at 310).

Here, as in *Migliori*, Plaintiffs have not alleged an aggravation of injury due to fraudulent concealment because the Complaint "attempts to recover for contracting his ailments in the first instance." *Id.* (dismissing radiation complaint for failure to state a claim under the exclusive-remedy rule); *Tokerud v. Pacific Gas & Elec. Co.*, No. C 94-01230 CW, 1995 WL 481592, at *7 (Aug. 8, 1995) (same). In fact, Plaintiffs do not allege any "aggravation"; their allegations make clear that Mr. Linton contracted and died of myelogenous leukemia, from which they now seek recovery for the first time with these tort claims. (*See* Pls.' Compl. 2, at ¶¶ 3-4.) "The

'fraudulent concealment' exception, however, does not allow a plaintiff to convert a workers' compensation claim into a tort claim." *Migliori*, 97 F. Supp. 2d at 1012.  In all, Plaintiffs have not alleged, and as a matter of fact cannot allege, an *aggravation* of injury due to fraudulent concealment under the California Workers' Compensation Act.  Therefore, the second statutory exception does not apply either.

### 3. PLAINTIFFS HAVE NOT ALLEGED THE STATUTORY DUAL CAPACITY EXCEPTION.

Under the third limited exception, an employee may bring an action at law "where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person." Cal. Labor Code § 3602(b)(3).  Unlike the common law dual capacity exception in many jurisdictions (when a manufacturer occupies dual employer-product manufacturer duties), California has "repealed much of the dual capacity doctrine." *Tokerud*, 1995 WL 481592, at *7. Indeed, the plain language of the statute makes that obvious:  "the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer." Cal. Labor Code § 3602(a).

Consequently, the statutory dual-capacity exception in California is "limited to the narrow factual circumstances presented where the employee's injury was caused by the employer's product, which itself was provided to the employee not by the employer, but by an *independent third person who obtained the product from the employer for valuable consideration*." *Ashdown v. Ameron Int'l Corp.*, 83 Cal. App. 4th 868, 876 (Cal. Ct. App. 2000) (emphasis original).  That is, an employee's injury "caused by a defective product manufactured

by the employer, which product was sold, leased, or otherwise transferred for valuable consideration to an independent third party and thereafter provided for the employee's use by a third person." *Id.* at 878 n.6 (affirming summary judgment where pipe inspector employee sued his asbestos pipe manufacturer employee).

No such allegations were made by Plaintiffs. In their Complaint, Plaintiffs have not claimed any transfer of benzene manufactured by Defendants (who are, and always have been, primarily a manufacturer of glass) to an independent third person and then somehow provided back to Mr. Linton for his use by *that* independent third person. As a result, Plaintiffs have not alleged the statutory dual capacity exception. Altogether, Plaintiffs have not alleged any exception to the exclusive-remedy provision of the California Workers' Compensation Act, which therefore remains "the sole and exclusive remedy of the employee or his or her dependents against the employer." Cal. Labor Code § 3602(a).

## CONCLUSION

California law is clear and controlling. An employee's "sole and exclusive" method to recover against an employer is the California Worker's Compensation System. Plaintiffs have no remedy in tort, even if they bring their claims into a Missouri courthouse, and there is no set of facts upon which Plaintiffs could prevail in any tort action. Like every other California employee who received the "compensation bargain," Mr. Linton is entitled to claim certain and swift compensation without having to prove fault or any other form of traditional cause of action in the California Worker's Compensation System. Conversely, like every other employer, Defendants are entitled have their legislatively mandated defense upheld to avoid standing trial and to avoid the burdens of civil discovery and the disruption to its business. Anything else would make the California statutes — indeed the state legislative power to make policy judgments — empty and meaningless. For these reasons, Defendants respectfully request that

this Court enter an order dismissing Plaintiffs' Complaint with prejudice.

Dated:  June 1, 2012                                Respectfully submitted,

                                                                          RASMUSSEN WILLIS DICKEY & MOORE, LLC

By:  /s/ Randolph G. Willis
      Randolph G. Willis, Mo. Bar No. 47834
      9200 Ward Parkway, Suite 400
      Kansas City, Missouri  64114
      Telephone:  (816) 960-1611
      Facsimile:  (816) 960-1669
      rwillis@rwdmlaw.com

      Matthew J. Fischer, *admission to be filed*
      Edward Casmere, Mo. Bar No. 64326
      Brian O. Watson, *admission to be filed*
      SCHIFF HARDIN, LLP
      233 South Wacker Drive, Suite 6600
      Chicago, Illinois  60606
      Telephone:  (312) 258-5784
      Facsimile:  (312) 258-5700
      mfischer@schiffhardin.com
      ecasmere@schiffhardin.com
      bwatson@schiffhardin.com

      *Counsel for Defendants Owens-Illinois, Inc. and Owens-Brockway Glass Container Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 1, 2012, Defendants' Memorandum in Support of Their Joint Motion to Dismiss Plaintiffs' Complaint with Prejudice was filed with the Clerk of the Court for the United States District Court for the Eastern District of Missouri using the CM/ECF system, which will send notification of such filing upon all parties who have appeared, and was served by depositing it in the U.S. Mail, proper postage prepaid, addressed to the following:

> Randy L. Gori
> Barry Julian
> Gori Julian & Associates, P.C.
> 156 North Main Street
> Edwardsville, Illinois 62025
>
> Amy M. Carter
> Simon Greenstone Panatier Bartlett, PC
> 3232 McKinney Avenue, Suite 610
> Dallas, Texas 75204
>
> *Attorneys for Plaintiffs*

/s/ Randolph G. Willis