UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN LINTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:12-cv-00960-AGF |
| v. ) | |
| ) | Judge Audrey G. Fleissig |
| OWENS-ILLINOIS, INC. (sued ) | |
| individually and as successor-in-interest to ) | |
| OWENS ILLINOIS GLASS COMPANY), ) | |
| and OWENS-BROCKWAY GLASS ) | |
| CONTAINER INC. (successor-by-merger ) | |
| to OWENS-ILLINOIS, INC.), ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**

The Linton family files this Memorandum in Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' Complaint with Prejudice. Defendants' motion should be denied because:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Linton worked for Defendants for thirty years. He started out as a floor boy and then moved on to become a mechanic, foreman and eventually plant manager. Doc. 1-2 at 7–8 (Plaintiffs' Petition).[1] Throughout his employment, Mr. Linton came into repeated contact with large amounts of benzene. *Id.* at 8, 11. As a result, he developed Acute Myelogenous Leukemia ("AML"). *Id*. The disease claimed his life in April 2010. *Id.* at 8. His family brought this lawsuit on his behalf. *Id.* at 7–8.

---

[1] The Linton family filed this case in Missouri state court and Defendants removed it to this Court. For purposes of clarity, the family's state court Petition will be referred to as the "Complaint" and the pages referred to in citations to Doc. 1-2 reference the page numbers contained in this Court's electronic file stamp.

During Mr. Linton's thirty years of service, Defendants knew about benzene's dangerous qualities and purposely withheld information about the dangers of benzene from Mr. Linton. *Id.* at 17–19. Defendants engaged in this conduct knowing and intending that Mr. Linton would continue to work with the dangerous chemical to his continued detriment. *Id*. It was Defendants intention that Mr. Linton came into physical contact with the chemical Defendants knew was dangerous. *Id.* at 26–28. Defendants' intended to cause Mr. Linton physical injury as a result of that contact. *Id*.

Defendants removed the Linton family's case to this Court in May 2012. Doc. 1. They filed their joint motion to dismiss seeking early application of foreign law and dismissal based on an affirmative defense on June 1, 2012. This response is timely pursuant to the Court's order on the parties' agreed motion for an extension of time.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure only allows a party to move the Court to dismiss a claim if, on the pleadings, the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). The Eighth Circuit recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* (citations omitted). Accordingly, the court must view the complaint as a whole. *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible where "factual content . . . allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citation omitted). In fact, a complaint survives a motion to dismiss even when "it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation omitted).

### III.    ARGUMENT AND AUTHORITIES

#### A.    Rule 12(b)(6) Dismissal Based on Defendants' Affirmative Defense Improper: Existence of Workers' Compensation Insurance Unproven.

The Linton family's Complaint states a claim for which its members can obtain relief. The complaint alleges claims against Defendants for strict liability, fraud, battery, and negligence. Based on the affirmative defense[2] of California workers' compensation exclusivity, Defendants contend that the Lintons cannot obtain relief even if they prove each element of those claims. However, the elements of Defendants' affirmative defense are not conclusively shown on the face of the Complaint. Therefore, failure to state a claim due to the defense cannot be a proper ground to support this early request for dismissal.

It is inappropriate to grant a motion to dismiss under Federal Rule 12(b)(6) on an affirmative defense unless the affirmative defense is conclusively established on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007) (citation omitted) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in

---

[2] Regardless of which state's law applies, both Missouri and California treat workers' compensation exclusivity as an affirmative defense. *See McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 478–79 (Mo. 2009) (en banc); *Brown v. Desert Christian Ctr.*, 193 Cal. App. 4th 733, 739, 122 Cal. Rptr. 3d 590, 594 (2011) ("Generally speaking, in a lawsuit for personal injury damages, a defendant has the burden of pleading and proving, as an affirmative defense, the existence of the conditions of compensation under the workers' compensation law.").

3

the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

Defendants may direct this Court to *Idekr v. PPG Indus., Inc.*, No. 10-0449-CV-W-ODS, 2011 WL 144922 (W.D. Mo. Jan. 18, 2011), for the proposition that granting a motion to dismiss based on the affirmative defense of workers' compensation exclusivity is procedurally permissible. *Idekr* should not control this Court's decision.[3] The *Idekr* court relied on *Jones v. Bock* to generally state that motions to dismiss under Rule 12(b)(6) may be appropriate in some instances. *Id.* at *2. The instances to which *Jones* refers involve situations where the elements of the affirmative defense are met on the face of the plaintiff's complaint. 549 U.S. at 215. And while that may have been the case in the *Idekr* case,[4] that is not the case in the present case.

In the present case, Defendants' motion claims that the California Workers' Compensation Act ("California Act") precludes the Linton family from being able to state a claim upon which relief can be granted. Defs.' Mem. at 1–2. Before workers' compensation may constitute "the sole and exclusive remedy" of an employee against his or her employer for the employee's injury, "the injury must have arisen in a case in which the 'conditions of compensation concur'" within the meaning of Labor Code sections 3600(a) and 3602(a). Cal. Lab. Code § 3706 ("If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply.");*Weinstein v.*

---

[3] On a substantive note, the Missouri Court of Appeals in *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 39 n.8 (Mo. Ct. App. 2011) ("Cook"), concluded that *Idekr* was "wrongly decided" and declined to follow the decision. Instead, the court held that the exclusive remedy provision of the Missouri Workers' Compensation Law did not apply to occupational diseases. *Id.* at 16, 30.

[4] What the complaint in *Idekr* stated is unclear from the *Idekr* decision.

4

*St. Mary's Med. Ctr.*, 58 Cal. App. 4th 1223, 1229, 68 Cal. Rptr. 2d 461 (1997); *see also Popejoy v. Hannon*, 37 Cal. 2d 159, 173, 231 P.2d 484 (1951) (citing Campbell, Workmen's Compensation, § 1279 at 1074); *Doney v. Tambouratgis*, 23 Cal. 3d 91, 96, 587 P.2d 1160, 1163 (1979) (explaining that it is the burden of employer to show, as affirmative defense to action, that workmen's compensation coverage provides exclusive remedy available to plaintiff includes showing, through appropriate pleading and proof, that defendant "secured the payment of compensation" in accordance with provisions of the act). "Absent compliance with one of these alternatives an employee is not subject to the exclusive remedy of workers' compensation." *Valdez v. Himmelfarb*, 144 Cal. App. 4th 1261, 1268, 51 Cal. Rptr. 3d 195, 199 (2006)

Accordingly, to state a claim upon which relief could not be granted, the Linton family's Complaint would have to allege that Defendants carried workers compensation as required by the California Act. The Complaint does not include any such allegation. Defendant's motion for dismissal under Rule 12(b)(6) based on the affirmative defense of workers' compensation exclusivity cannot be granted because the elements of the affirmative defense are not met on the face of the Complaint. *See Jones*, 549 U.S. at 215. As a result, the Linton family asks this Court to deny Defendant's motion to dismiss and allow this case to proceed to discovery so matters such as this can be accurately determined.

### B.     It is Too Early to Determine Choice of Law.

The Linton family objects to Defendants' request to apply California law at the outset of this lawsuit, prior to any discovery. The choice of law inquiry requires this Court to engage in a case-specific, fact-intensive analysis. *See Owners Ins. Co. v. AMCO*

5

*Ins. Co.*, No. 2:09CV00016 AGF, 2010 WL 3488635, at *6 (E.D. Mo. Aug. 31, 2010). Missouri courts evaluate choice-of-law questions based on the Restatement (Second) of Conflict of Laws. *Id.* In tort cases, that analysis involves determining which state bears the most significant relationship based on the nature of the cause of action and the particular legal issue in dispute. *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994); *see also* Restatement (Second) of Conflicts §§ 6, 146 (essentially establishing a presumption that the state with the most significant relationship is the state where the injury occurred, absent overriding interest from another state based on case-specific to factors set forth in Restatement section 6).[5]

Defendants point this Court to several cases stating that Missouri courts uniformly hold that workers' compensation exclusivity provisions of the foreign state should apply. Defs.' Mem. at 3. However, none of those cases deals with an occupational disease like that at issue in this case. Indeed, Missouri courts have held that the Missouri Workers' Compensation Act does not apply to occupational diseases. *Cook*, 353 S.W.3d at 25–30. The courts' decision to do so is a clear indication that Missouri public policy protects Missouri residents suffering from occupational diseases as a result of their employment. *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 739 (8th Cir. 1995) ("A forum state's law reflects the forum state's interests-or it would not be the law of the forum."). Missouri has an interest in providing access to its courts to its citizens. *Id.*

---

[5]In *Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 26 (Mo. App. 2004), the trial court applying the most significant relationship test to a latent disease case did not err in finding that "the injury ultimately suffered was decedent's death in Missouri." The court of appeals affirmed the trial court's decision to apply the law of different states based on the facts and issues specific to the case. *Id.* at 25–27. Defendant may argue that *Goede* supports applying California law to the liability issues in this case, even at this early, pre-discovery stage. However, *Goede* did not involve the affirmative defense of workers' compensation exclusivity. *Id.* It involved products liability. *Id.* Moreover, nothing in the *Goede* decision supports the conclusion that it is appropriate to determine choice of law prior to discovery. *See id.*

6

The Linton family asks this Court to delay the decision on choice of law for the issue of workers' compensation exclusivity until there has been enough factual discovery to determine how the facts apply to the Restatement factors.[6] Specifically, the Lintons ask for such a delay so that the facts discovered can be weighed in comparison to Missouri's clear public policy against applying exclusivity to occupational diseases. Once a full development of the facts has occurred, this Court may find that the public policy of Missouri overrides any attenuated contacts this case has with California on the issue. However, for purposes of this memorandum, the Lintons address Defendants' motion on California law exclusively. Defendants failed to move for dismissal based on the failure to state a claim under Missouri law and, therefore, the Lintons do not address how their Complaint states a claim under that law.

### C. Even if California Law Applies, the Lintons' Complaint States a Claim for Relief Not Covered by the California Act.

Defendant claims that dismissal is appropriate stating that "Plaintiffs have not claimed any of [the exceptions to workers' compensation exclusivity] apply." Defs.' Mem. at 9. Defendants are incorrect, and also skipping a step in the analysis.[7] First, the

---

[6] For instance, written discovery seeking proof that Mr. Linton's employers provided workers' compensation insurance is necessary to determine the validity of Defendant's affirmative defense. Moreover, discovery of Mr. Linton's employment records, co-worker testimony, where corporate decisions were made in the relevant time period, and where Defendants obtained their benzene materials will produce facts to better determine whether California workers' compensation laws should apply to this case. Mr. Linton died before this case was filed. As such, much of the information about his employment with Defendants is in the hands of Defendants in the form of his employment records and anticipated to be developed through co-worker testimony. It is entirely feasible that Mr. Linton's employment records would reveal information about his employment status throughout the years he worked at Defendants' plant or whether Defendants ever performed any medical testing on him (and, thus, knew he had benzene caused injuries before fraudulently concealing the dangers of benzene).

[7] "[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009). "Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Only

7

applicability of Defendants' affirmative defense has not been established by Defendants and is not shown on the face of the Lintons' Complaint. Unless Defendants show that they held up their end of the "compensation bargain" the defense does not apply. The allegations contained in the Linton family's Complaint show Defendant did not hold up its end of the compensation bargain. Second, even if the California Act applies, the Lintons' Complaint includes allegations that would except their claims from workers' compensation exclusivity. Specifically, the Linton family's complaint includes allegations that support the conclusions that: Defendants willfully physically assaulted Mr. Linton; and (2) Defendants' fraudulent concealment of Linton's injury and its connection to his employment aggravated his injury. Accordingly, the Linton family asks this Court to deny Defendants' motion to dismiss with prejudice.

### 1. *Defendants' acts fell outside the required elements of the "compensation bargain."*

The underlying premise of the workers' compensation scheme is the "compensation bargain." *Shoemaker v. Myers*, 52 Cal. 3d 1, 16, 801 P.2d 1054 (1990). Under this presumed bargain, "the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort." *Id*. California courts, needless to say, have "struggled with the problem of defining the scope" of the compensation bargain. *Id.* at 15.

Courts primarily consider whether the alleged acts or motives that establish

---

when the plaintiff pleads itself out of court-that is, admits all the ingredients of an impenetrable defense-may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.*

8

the elements of the subject causes of action fall outside the risks encompassed within the compensation bargain. *See Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 811–12, 14 P.3d 234 (2001). "In some exceptional circumstances the employer is not free from liability at law for his intentional acts even if the resulting injuries to his employees are compensable under workers' compensation." *Johns-Manville Products Corp. v. Superior Court*, 27 Cal. 3d 465, 473, 612 P.2d 948, 953 (1980). Where the acts are a "normal part of the employment relationship . . . or where the motive behind these acts does not violate a fundamental policy of this state, then the cause of action is barred. If not, then it may go forward." *Charles J. Vacanti, M.D., Inc.*, 24 Cal. 4th at 812 (internal citations omitted).

The Lintons submit that Defendants' conduct in exposing him to benzene despite knowledge of its dangers and their failure to provide even the most basic of protective equipment falls well outside the "normal employment relationship" and violates fundamental California state policies. *See* Doc. 1-2 at 7–9, 15–19; *see id.* at 10–26. The allegations made by the Lintons in their Complaint must be taken as true, including Defendants' knowledge about and fraudulent concealment of the hazards of benzene. While a tree trimmer knows of the apparent risks and dangers of working high in trees, and therefore has the opportunity to assume the risks and benefits of the "compensation bargain," Defendants intentionally kept Mr. Linton unaware of the risks and dangers of repeatedly handling benzene materials that Defendants required him to use in his job.

Unlike a tree trimmer, Mr. Linton never had the opportunity to assess the true dangers of his position, and his duties and responsibilities as at Defendants' facility never suggested that he was dealing with a deadly substance. Had he been aware of such dangers, he could have made different decisions regarding his willingness to be repeatedly and continually exposed to benzene. Defendants'

intentional conduct in coercing Mr. Linton's continued work on with a knowingly dangerous substance was not part of a normal employment relationship and certainly not in keeping with the fundamental policies underlying workers' compensation.

### 2. *Defendants' willfully physical assaulted Mr. Linton.*

Section 3602(b)(1) states that the workers' compensation exclusivity defense does not apply "[w]here the employee's injury or death is proximately caused by a willful physical assault by the employer." Cal. Lab. Code § 3602. The Linton family has alleged in their Complaint that Defendants knew benzene was dangerous and concealed those dangers "intending that [Mr. Linton] would come into contact with benzene and/or benzene-containing products . . . without his consent." Doc. 1-2 at 27. They further allege that Defendants "engaged in a course of conduct intending that [Mr. Linton] would inhale or come in contact with benzene . . . and become injured." *Id.* The family alleges that Defendants' willful physical assault on Mr. Linton proximately caused his AML and subsequent death. *Id.* at 26, 28.

Defendant's reliance on *Barth v. Firestone Tire & Rubber Co.*, 673 F. Supp. 1466 (N.D. Cal. 1987) is also misplaced. In *Barth*, the employer mislabeled chemical containers and placed them in the workplace intending for the workers to use them. *Id.* at 1474–75. Here, the Complaint alleges specifically that Defendants intended Mr. Linton come into contact with a chemical Defendants knew was dangerous with the intent to injure him. Doc. 1-2 at 27. Alternatively, the Lintons argue *Barth* was wrongly decided in light of California Penal Code section 244, which provides that "assault with caustic chemicals or flammable substances" occurs when:

10

> Any person who **willfully and maliciously** places or throws, or causes to be placed or thrown, upon the person of another, any vitriol, corrosive acid, flammable substance, or caustic chemical of any nature, with the intent to injure the flesh or disfigure the body of that person, is punishable by imprisonment in the state prison for two, three or four years.
>
> As used in this section, "flammable substance" means gasoline, petroleum products, or flammable liquids with a flashpoint of 150 degrees Fahrenheit or less.

Cal. Penal Code § 244 (emphasis added).

These pleadings must be taken as true and clearly establish the exception described by section 3602(b1)(1). As a result, the Lintons ask this Court to deny Defendants' motion to dismiss.

### 3. *Defendants' fraudulent concealment of the injury and its connection to employment aggravated Mr. Linton's injury.*

Section 3602(b)(2) provides that a civil action may be brought "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment . . . ." The California enacted this section in 1982 to codify the Supreme Court's earlier decision in *Johns-Manville Products Corp. v. Superior Court*, 27 Cal. 3d 465, 612 P.2d 948 (1980). In *Johns-Manville,* the court permitted an asbestos worker to maintain an action at law against his employer for aggravation of a disease caused by exposure to asbestos, where the worker alleged that his employer had fraudulently concealed from him and from doctors retained by the employer that he was suffering from an asbestos-related disease. *Id.* at 477. The critical point was not that the employer failed to maintain a safe work environment, but that it withheld information, thus inducing the worker to continue to work under hazardous conditions. *Id.*

The Linton's Complaint includes allegations that Defendants fraudulently concealed their knowledge about the dangers from benzene from Mr. Linton. Doc. 1-2 at

11

15–19.  The family alleges that Defendants fraudulently concealed and suppressed material facts "knowing that [Mr. Linton] would rely on those facts to his detriment and cause him bodily harm." *Id.* at 17.  The Complaint further states that Defendants engaged in the false conduct for the "purpose of inducing [Mr. Linton] to continue to work for Employer Defendants, causing him bodily harm." *Id.* at 18.  It continues, "[Mr. Linton] reasonably believed and relied on Defendants' conduct to his detriment." *Id.*; *see also id.* at 19.

The Linton intended their allegations to mean that Defendants knew their conduct had already caused Mr. Linton detriment and continued to make fraudulent misrepresentations so that he would keep working with the very chemical that had already harmed him.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that when there are non-conclusory factual allegations, the court must assume that they are true).  The family recognizes that their allegations do not specifically include the magic word "aggravation" and, to the extent this Court would deem the inclusion of that exact wording necessary, respectfully request that this Court grant them leave to amend their pleadings to clarify their intention.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Further, benzene cases do not present a situation where no set of facts could support a claim for relief under the fraudulent concealment exception to the alleged affirmative defense.  For instance, in *Santiago v. Firestone Tire & Rubber Co.*, 224 Cal. App. 3d 1318, 1327, 1330–31, 274 Cal. Rptr. 576, 580 (Ct. App. 1990), plaintiffs suffering from leukemia due to benzene exposure brought a lawsuit against their employers alleging the employers aggravated a benzene injury through fraudulent

12

concealment. The trial court allowed the case to go to a jury and submitted the question of whether the plaintiffs had sustained "bone marrow injury" prior to developing leukemia. *Id.* As to one of the plaintiffs in that case, there was evidence that the employer had required him to submit to medical testing during the course of his employment that would have shown a possible bone marrow injury. *Id.* at 1328.

Accordingly, the Linton family asks this Court to deny Defendant's motion on this ground and, alternatively, grant the family leave to amend its pleadings in accordance with its intent so that justice may be done.

## IV. PRAYER

For these reasons, the Linton family asks this Court to deny Defendants' motion to dismiss, alternatively to grant the Lintons leave to amend their pleadings, and for such other relief to which they may be justly entitled.

Dated: July 6, 2012                Respectfully submitted,

/s/ D. Todd Mathews
D. Todd Mathews, #52502
Randy L. Gori, #47619
Barry Julian, #45962
GORI, JULIAN & ASSOCIATES, P.C.
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833
(618) 659-9834 (facsimile)


Amy M. Carter
State Bar of Texas No. 24004580
SIMON GREENSTONE PANATIER BARTLETT
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
Tel: (214) 276-7680
Fax: (214) 276- 7699

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I, Amy M. Carter, hereby certify that on the 6th day of July, 2012, *Plaintiffs' Memorandum In Opposition To Defendants' Joint Motion To Dismiss Plaintiffs' Complaint With Prejudice* was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all parties who have appeared, and a courtesy copy was served upon all counsel of record via facsimile to the following:

                                          /s/ D. Todd Mathews_____
                                          D. Todd Mathews

Randolph G. Willis
Rasmussen Willis Dickey & Moore, LLC
9200 Ward Parkway, Suite 400
Kansas City, MO  64114

Matthew J. Fischer
Edward Casmere
Brian O. Watson
Schiff & Hardin, LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL  60606

*Counsel for Defendants Owens-Illinois, Inc. and Owens-Brockway Glass Container Inc.*