UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN LINTON, SHARON LINTON, JAMES LINTON, FRANKLIN LINTON III, DIRK LINTON, DANIEL LINTON, CHRISTINA LYNN, JASON LINTON, and MICHELLE MESERAULL, as surviving heirs of FRANKLIN LINTON, JR., Deceased,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLINOIS GLASS COMPANY), and OWENS-BROCKWAY GLASS CONTAINER INC. (successor-by-merger to OWENS-ILLINOIS, INC.),<br><br>　　　　　　　　Defendants. | Case No. 4:12-cv-00960<br><br>Judge Audrey G. Fleissig |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**

Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7-4.01(C), respectfully submit this Reply Memorandum in Support of Their Joint Motion to Dismiss Plaintiffs' Complaint with Prejudice.

**INTRODUCTION**

This issue is factually simple and legally straightforward.  Defendants moved to dismiss Plaintiffs' Complaint because it alleges that Franklin Linton, Jr. was injured as a California employee of a California employer for thirty years in California, and therefore the California Workers' Compensation Act is "the *sole* and *exclusive* remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall

not permit the employee or his or her dependents to bring an action at law for damages against the employer." Cal. Labor Code § 3602(a) (emphasis added). In their opposition, Plaintiffs make three arguments: 1) workers' compensation insurance under California Labor Code § 3706 is unproved; 2) any choice-of-law decision should be delayed; and 3) exceptions to the California Workers' Compensation Act are pleaded. None of these arguments has any merit whatsoever. Plaintiffs' Complaint should be dismissed with prejudice because their claims fall — solely and exclusively — within the California Workers' Compensation Act.

## ARGUMENT

### I. CALIFORNIA LABOR CODE § 3706 DOES NOT APPLY.

First, Plaintiffs argue under California Labor Code § 3706 "to state a claim upon which relief could not be granted, the Linton family's Complaint would have to allege that Defendants carried workers compensation as required by the California Act." (Pls.' Opp'n 3-5.) This argument is exactly backwards. California Labor Code § 3706 creates a statutory cause of action and applies only, "*If* any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." Cal. Labor Code § 3706 (emphasis added). By its plain language, § 3706 does not apply here, nor could it.

A § 3706 statutory cause of action proceeds when the employee-plaintiff filed a workers' compensation action and if the employer-defendant failed to secure the payment of compensation. In fact, a case on which Plaintiffs rely, *Valdez v. Himmelfarb*, makes that point clear. 144 Cal. App. 4th 1261, 1268, 51 Cal. Rptr. 3d 195, 199 (Cal. App. Ct. 2006). In *Valdez*, the plaintiff "first filed a workers' compensation claim with the WCAB under Labor Code section 3715 and later filed a personal injury action in the superior court under Labor Code section 3706." *Id.*; *Strickland v. Foster*, 165 Cal. App. 3d 114, 116-17, 7211 Cal. Rptr. 305, 306

(Cal. App. Ct. 1985) ("plaintiff sought, and obtained, a worker's compensation death benefit award, jointly and severally, against the uninsured, Robert Foster"; "she commenced the instant wrongful death action against the uninsured employer, Robert Foster"); *Hall v. Burton*, 201 Cal. App. 2d 72, 77, 19 Cal. Rptr. 797, 800 (Cal. App. Ct. 1962) ("Plaintiff instituted proceeding before the Industrial Accident Commission and received an award"; "[t]he present action was brought pursuant to section 3706 of the Labor Code"). In their Complaint, however, Plaintiffs do not claim that they filed a workers' compensation action or that Defendants failed to secure the payment of compensation. The essential prerequisite of a § 3706 statutory cause of action is missing: "If any employer fails to secure the payment of compensation." Cal. Labor Code § 3706.

Furthermore under § 3706, "plaintiffs had to plead and prove that [defendant-employer] violated section 3700 by not carrying the workmen's compensation required." *Coleman v. Silverberg Plumbing Co.*, 263 Cal. App. 2d 74, 79, 69 Cal. Rptr. 158, 161 (Cal. App. Ct. 1968) (citation omitted); *Wessell v. Barrett*, 62 Cal. App. 2d 374, 377, 144 P.2d 656, 657 (Cal. App. Ct. 1944) ("It is suggested by appellant that there was insufficient proof that respondent carried insurance as required by the Labor Code. But that was a matter for him to plead and prove."); *see also Groce v. Claudat*, No. 09cv1630, 2011 WL 1930694, at *2 (S.D. Cal. May 19, 2011) (Plaintiff's complaint "met his burden to 'establish that Defendant failed 'to secure the payment of compensation' as required under the Act'" with a "letter from the Workers' Compensation Insurance Rating Bureau of California stating that there is no evidence that Defendant had secured coverage during the time period at issue"). Just like *Coleman*, *Wessell*, and *Groce*, it is Plaintiffs' burden to plead and prove that Defendants did not have workers' compensation

insurance to bring a § 3706 statutory cause of action. They have not done so. Nor could they. Because California Labor Code § 3706 does not apply, Plaintiffs' first argument is unavailing.

## II. CALIFORNIA LAW CONTROLS WITHOUT PROLONGED AND UNJUSTIFIABLE DELAYS.

Second, Plaintiffs object that "it is too early to determine choice of law," although they concede that "Defendants point this Court to several cases stating that Missouri courts uniformly hold that workers' compensation exclusivity provisions of the foreign state should apply." (Pls.' Opp'n 5-7.) Plaintiffs overlook that these courts not only held the workers' compensation exclusivity provisions of foreign states applied, but also decided choice of law based on the plaintiffs' complaints without discovery delays. *See Davis v. Liberty Mut. Ins. Co.*, 840 F. Supp. 90, 92 (E.D. Mo. 1993); *Blum v. Airport Terminal Servs., Inc.*, 762 S.W.2d 67, 71 (Mo. Ct. App. E.D. 1988); *Reinagel v. Edwin Cooper, Inc.*, 688 S.W.2d 375, 377 (Mo. Ct. App. E.D. 1985).

Additional discovery would not serve any choice-of-law purpose either. Contrary to Plaintiffs' argument, the forum's governmental interests are not a relevant factor in a Missouri choice-of-law analysis. Plaintiffs' entire argument is based on the wrong choice-of-law test. Plaintiffs quote the Leflar choice-influencing factors under Minnesota law and cite *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 739 (8th Cir. 1995), rather than the most significant relationship test of the *Restatement (Second) of Conflict of Laws* under Missouri law. (Pls.' Opp'n 6-7.) There is absolutely nothing that Plaintiffs need in "factual discovery" to inform the most significant relationship test. (Pls.' Opp'n 6-7.) Plaintiffs brought their suit knowing that Mr. Linton was "employed by" the Owens-Illinois Glass Company. (Pet. at 2.) Plaintiffs knew that he was employed "in Oakland, California, from approximately 1957-1987." (*Id.*) Plaintiffs knew that his alleged exposure occurred "while employed as a floor boy, mechanic, foreman and eventually plant manager." (*Id.* at 3, 6, 9.)

Where, as here, an employee sustains injuries by virtue of his foreign employment, the most significant contacts are "clearly" with the workers' compensation laws of the foreign state. *See Ewing v. St. Louis-Clayton Orthopedic Group, Inc.*, 790 F.2d 682, 684 (8th Cir. 1986) (applying Illinois law where plaintiff "sustained both injuries in Illinois while covered by the Illinois Workers' Compensation Act by virtue of employment by an Illinois company."); *see also Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 436-37 (Mo. banc 1984) ("Of the contacts listed under subsection 2 of section 145, 'the place where the relationship, if any, between the parties is centered' has the greatest relative importance . . . [where] injury was intimately and inextricably involved with his employment."). California law unquestionably controls.

### III. PLAINTIFFS HAVE NOT ALLEGED ANY STATUTORY EXCEPTION TO THE CALIFORNIA WORKERS' COMPENSATION ACT.

Finally, Plaintiffs attempt to fit their allegations into the "exceptional circumstances" of the limited statutory exceptions. (Pls.' Opp'n 7-13.) These arguments have been squarely rejected, and Plaintiffs offer no decision that would permit their allegations to escape the exclusive-remedy provision.[1] As Defendants' opening memorandum made clear, which Plaintiffs fail to confront, they have not alleged any of the limited statutory exceptions to the California Workers' Compensation Act. (Defs.' Mem. 9-12.)

First, Plaintiffs have not alleged the statutory willful physical assault exception, "where the employee's injury or death is proximately caused by a willful physical assault by the employer." Cal. Labor Code § 3602(b)(1). Nor do Plaintiffs confront the authority cited in the

---

[1] To the extent Plaintiffs rely on *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 14 P.3d 234 (Cal. 2001), their reliance is factually and legally misplaced. In *Vacanti*, a group of medical providers sued a group of workers' compensation insurers, alleging the insurers conspired to put them out of business by intentionally mishandling their lien claims before the Workers' Compensation Appeals Board, and seeking recovery for damages to their businesses. *Vacanti* is legally and factually distinct from this personal injury action brought by a former employee against his former employer arising out of the conditions of employment.

opening memorandum that Plaintiffs have not alleged "a willful physical assault."  (Defs.' Mem. 9-10.)  In fact, two California courts have rejected the very arguments that Plaintiffs advance.  *Barth v. Firestone Tire & Rubber Co.*, 673 F. Supp. 1466, 1474 (N.D. Cal. 1987), dismissed a benzene complaint and rejected any attempt to recast their allegations as an "assault with caustic chemicals pursuant to California Penal Code § 242, and battery pursuant to Cal. Penal Code § 244."  *Gunnell v. Metrocolor Laboratories, Inc.*, 92 Cal. App. 4th 710, 726, 112 Cal. Rptr. 2d 195, 206 (Cal. App. Ct. 2001), rejected the same attempt to recast their allegations as a criminal battery.  Here, as in *Gunnell* and *Barth*, there is no "use force or violence . . . in order to bring [plaintiff] into contact with harmful chemicals."  *Id.*; *accord Barth*, 673 F. Supp. at 1474.  Instead, as in *Gunnell* and *Barth*, Plaintiffs allege intentional failures and concealments of unsafe chemical in the work environment — which simply are not "the use of physical force" that would satisfy the "willful physical assault exception."  *Gunnell*, 92 Cal. App. 4th at 726, 112 Cal. Rptr. 2d at 206; *accord Barth*, 673 F. Supp. at 1474.

Second, Plaintiffs have not alleged the statutory fraudulent concealment exception, "where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."  Cal. Labor Code § 3602(b)(2).  Nor do Plaintiffs confront the authority cited in the opening memorandum that Plaintiffs have not alleged knowledge of an injury and fraudulent concealment leading to an aggravation of that injury.  (Defs.' Mem. 10-11.)  Instead, Plaintiffs resort to *Santiago v. Firestone Tire & Rubber Co.*, 224 Cal. App. 3d 1318, 1336, 274 Cal. Rptr. 576, 586 (Cal. App. Ct. 1990), which supports Defendants and entered judgment in favor of the defendant-employer.  As in *Santiago*, Plaintiffs' Complaint does not allege any prior injury, Defendants "acted with

knowledge" of any prior injury, or this injury was "aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment." *Id.*

In sum, Plaintiffs have not alleged any exception to the exclusive-remedy provision of the California Workers' Compensation Act, which remains without exception "the sole and exclusive remedy of the employee or his or her dependents against the employer."  Cal. Labor Code § 3602(a).  The California Workers' Compensation System provides an exclusive forum for claims made by California employees against California employers.  Defendants are entitled to have that law followed halfway across the United States — without prolonged and unjustifiable delays or unpleaded exceptions.

## CONCLUSION

As set forth above and in the opening memorandum, Plaintiffs' Complaint should be dismissed with prejudice because their claims against Mr. Linton's California employer, and its alleged successors, are *solely* and *exclusively* within the California Workers' Compensation Act.

Dated:  July 16, 2012

Respectfully submitted,

RASMUSSEN WILLIS DICKEY & MOORE, LLC

By: /s/ Randolph G. Willis
Randolph G. Willis, Mo. Bar No. 47834
9200 Ward Parkway, Suite 400
Kansas City, Missouri  64114
Telephone:  (816) 960-1611
Facsimile:  (816) 960-1669
rwillis@rwdmlaw.com

Matthew J. Fischer, *admission to be filed*
Edward Casmere, Mo. Bar No. 64326
Brian O. Watson, *admission to be filed*
SCHIFF HARDIN, LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606
Telephone:  (312) 258-5784
Facsimile:  (312) 258-5700
mfischer@schiffhardin.com
ecasmere@schiffhardin.com
bwatson@schiffhardin.com

*Counsel for Defendants Owens-Illinois, Inc. and Owens-Brockway Glass Container Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 16, 2012, Defendants' Reply Memorandum in Support of Their Joint Motion to Dismiss Plaintiffs' Complaint with Prejudice was filed with the Clerk of the Court for the United States District Court for the Eastern District of Missouri using the CM/ECF system, which will send notification of such filing upon all parties who have appeared, and was served by depositing it in the U.S. Mail, proper postage prepaid, addressed to the following:

>Randy L. Gori
>Barry Julian
>Gori Julian & Associates, P.C.
>156 N. Main St.
>Edwardsville, IL 62025
>
>Amy M. Carter
>Simon Greenstone Panatier Bartlett, PC
>3232 McKinney Ave., Suite 610
>Dallas, Texas 75204
>
>*Attorneys for Plaintiffs*

/s/ Randolph G. Willis