UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN LINTON, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV00960 AGF |
| | ) | |
| OWENS-ILLINOIS, INC. (sued individually | ) | |
| and as successor-in-interest to OWENS | ) | |
| ILLINOIS GLASS COMPANY), and | ) | |
| OWENS-BROCKWAY GLASS CONTAINER | ) | |
| INC. (successor-by-merger to OWENS- | ) | |
| ILLINOIS, INC.), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs, as the surviving heirs and beneficiaries of Franklin Linton, Jr., bring this wrongful death case against Defendants, the decedent's former employers. The matter is before the Court on Defendants' motion to dismiss Plaintiffs' complaint as barred by the exclusive remedy provision of the California Workers' Compensation Act ("CWCA"). For the reasons set forth below, the Court will grant Plaintiffs' alternative request for leave to file an amended complaint, and will reserve ruling on Defendants' motion to dismiss.

## BACKGROUND

As relevant to the motion under consideration, the decedent was employed as a "floor boy," mechanic, foreman, and ultimately, plant manager by Defendants at a facility

in Oakland, California, from approximately 1957 to 1987.  The complaint alleges that in the course of his employment, the decedent was exposed to benzene or benzene-containing products that were manufactured, sold, and distributed by Defendants.  In June 2009, the decedent first became aware that he developed acute myelogenous leukemia ("AML") and later learned that AML was caused by benzene or benzene derivatives.  Decedent died of AML on April 13, 2010.  Decedent was diagnosed, treated and resided in Missouri during his illness and at the time of his death, and each of the Plaintiffs currently resides in Missouri.  Defendants are corporations incorporated under the laws of the State of Delaware with their principal place of business in Ohio.

Plaintiffs allege that Defendants knew or should have known that the substances in question had highly deleterious effect upon the health of persons inhaling or coming into contact with them, that the decedent was unaware of these dangers, and that Defendants knew that the decedent relied on them to provide a safe work environment.  Plaintiffs further alleged that Defendants deliberately failed to warn the decedent "about known dangers of benzene," and, along with other actions, such as failing to provide masks and medical examination, thereby "engaged in conduct designed to actively and fraudulently conceal and suppress material facts knowing Decedent would rely on these facts to his detriment and cause him bodily harm."  (Doc. No. 4 at 10-11.)

Plaintiffs seek recovery under theories of negligence of Defendants' employees (Count I), negligence of Defendants as employers (Count II), fraudulent misrepresentation of Defendants as employers (Count III), wilful and wanton conduct of

Defendants as employers (Count IV), fraudulent misrepresentation of Defendants as premise owners (Count V), battery of Defendants as the premise owners (Count VI), negligence of Defendants as the premise owners (Count VII), wilful and wanton conduct of Defendants as premise owners (Count VIII), strict liability (Count IX), negligence of Defendants (Count X), and wilful and wanton misconduct of Defendants (Count XI). Count XII seeks damages for loss of consortium.

Defendants argue that granting their motion to dismiss with prejudice is appropriate because the CWCA provides that, with certain exceptions, compensation under the CWCA is "the sole and exclusive remedy of [an] employee or his or her dependents against the employer . . . [for an] employee's industrial injury." Cal. Lab. Code § 3602(a). Defendants argue that the CWCA applies even when employees allege egregious misconduct by the employer because the CWCA itself provides employees with additional damage remedies and potentially subjects employers to statutory penalties for any alleged egregious or intentional conduct. Furthermore, Defendants argue that Plaintiffs have not raised any of the three exceptions to the exclusive remedy provision in the CWCA,[1] and repleading would not help them do so.

---

[1] "An employee, or his or her dependents in the event of his or her death, may bring an action for damages against the employer, as if this division did not apply, in the following instances:

(1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer.

(2) Where the employee's injury is aggravated by the employer's fraudulent

3

Plaintiffs respond that the affirmative defense of CWCA exclusivity cannot succeed because Plaintiffs' complaint does not allege that Defendants carried workers compensation as required by the CWCA, and therefore, the elements of the affirmative defense are not met on the face of the complaint. Plaintiffs also assert that it is too early in the proceedings to determine whether California or Missouri law applies until further discovery "so that the facts discovered can be weighed in comparison to Missouri's clear public policy against applying exclusivity to occupational diseases." (Doc. No. 15 at 7.)

Plaintiffs argue that even if California law applies, Defendants have not yet proven that the decedent's injury is covered by the CWCA or that § 3706 of the CWCA[2] does not apply. They elaborate in a footnote as follows:

> For instance, written discovery seeking proof that [the decedent's] employers provided workers' compensation insurance is necessary to determine the validity of Defendant's affirmative defense. Moreover, discovery of [the decedent's] employment records, co-worker testimony, where corporate decisions were made in the relevant time period, and where Defendants obtained their benzene materials will produce facts to better

---

concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer.

(3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person." Cal. Lab. Code § 3602(b)(1)-(3).

[2] "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." Cal. Lab. Code § 3706.

> determine whether California workers' compensation laws should apply to this case.

*Id*. at n. 6. Plaintiffs assert that Defendants' alleged acts "fall outside the risks encompassed within the compensation bargain" under the CWCA, *id.* at 8-9, and that the complaint includes allegations supporting the conclusion that the first two exceptions to CWCA exclusivity apply because the complaint suggests that Defendants willfully physically assaulted the decedent and fraudulently concealed his injury, which proximately caused aggravation of that injury. Plaintiffs assert that "benzene cases do not present a situation where no set of facts could support a claim for relief under the fraudulent concealment exception to the alleged affirmative defense." *Id*. at 12. Plaintiffs alternatively request leave to amend their pleadings.

In reply, Defendants assert that discovery is not needed to determine the choice of law issue because it is clear from the face of the complaint that California law controls. Defendants contend that CWCA § 3706 does not apply here because Plaintiffs pleaded neither that they filed a workers' compensation claim nor that Defendants failed to secure the payment of compensation. Defendants further argue that Plaintiffs' attempt to recast the allegations to fit the exceptions of § 3602(b)(1) and (2) fails.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A complaint is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "'A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

To determine which state's law should govern, a federal court sitting in diversity applies the choice of law rules of the state in which it sits. *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 668 F.3d 991, 996 (8th Cir. 2012). In a tort action, Missouri courts generally apply the "most significant relationship" test from the Restatement (Second) of Conflicts of Laws § 145 for resolving choice-of-law questions. *See Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. 1992). Under Section 145, the factors to be considered are: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Id.*

Here, the decedent sustained his injuries in California during his employment at a facility located in California as a result of an act that took place in California while covered by the CWCA. The significant contacts were clearly with California. The Court

therefore agrees with Defendants that it is proper to look at the CWCA and California's interpretive decisions to ascertain whether an action against Defendants is barred, and that further discovery is unnecessary to resolve the choice of law issue. *Cf. Ewing v. St. Louis-Clayton Orthopedic Group, Inc.*, 790 F.2d 682, 684 (8th Cir. 1986) (applying Missouri choice of law rules to conclude that Missouri would look to Illinois workers' compensation act because the "[p]laintiff, an Illinois resident, sustained [the] injuries in Illinois while covered by the Illinois Workers' Compensation Act by virtue of employment by an Illinois company"); *Elmore v. Owens-Ill., Inc.*, 673 S.W.2d 434, 437 (Mo. 1984) (holding that it was proper to apply the substantive law of the state where the injury originated and the plaintiff and defendant "came in contact" for ten years during the plaintiff's employment because the plaintiff's injury, which occurred from exposure to toxic product manufactured by the defendant, was "intimately and inextricably involved with his employment.")

The same conclusion is true under Section 175 of the Restatement (Second) of Conflict of Laws,[3] which pertains specifically to wrongful death actions, as adopted by Missouri courts. In applying sections 145 and 175, "absent exceptional circumstances,

---

[3] "In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 175 (1971). The choice of law principles under § 6 include such consideration as the relevant policies of the forum and of other interested states and the relative interests of those states in the determination of the particular issue. *Id.* § 6(b)-(c).

the law of the state where the conduct and injury occurred will apply to determine . . . [the substantive issues of the case]." *Livington v. Baxter Health Care Corp.*, 313 S.W.3d 717, 722 (Mo. Ct. App. 2010); *see also Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 394 (Mo. Ct. App. 1991). After taking all the facts in the complaint as true, there is no basis to find any exceptional circumstance in this case to warrant the application of Missouri law over the law of California, the state where the injury occurred.

Under the CWCA's exclusive remedy provision, dismissal is appropriate unless § 3706 or any one of the § 3602(b) exceptions applies. *See, e.g., Giandinoto v. Chemir Analytical Servs., Inc.*, 545 F. Supp. 2d 952, 960 (E.D. Mo. 2007) (granting motion to dismiss a claim based on exclusivity of state workers' compensation law); *Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp. 2d 1062, 1065 (E.D. Mo. 2000) (same).

Plaintiffs' argument that § 3706 of the CWCA, which allows a worker to sue his or her employer for refusing to pay worker's compensation benefits, somehow applies here is without merit. The Court further concludes that as a matter of law the exception to CWCA exclusivity for a "wilful physical assault by the employer" does not apply to this case involving exposure to toxic substances. *See Gunnell v. Metrocolor Labs., Inc.*, 112 Cal. Rptr. 2d 195, 203-04 (App. Ct.-2d 2001).

This leaves Plaintiffs' reliance on the fraudulent concealment exception of § 3602(b)(2). For this exception to apply: "(1) the employer must have concealed 'the existence of the injury'; (2) the employer must have concealed the connection between

the injury and the employment; and (3) the injury must have been aggravated following the concealment." *Jensen v. Amgen, Inc.*, 129 Cal. Rptr. 2d 899, 901-02 (App. Ct. - 2d 2003) (citation omitted). Knowledge by the employer that the employee/plaintiff had contracted a work-related illness "is essential to establish a claim under [§ 3602(b)(2)] because defendant obviously could not be charged with concealing matters which it did not know." *Foster v. Xerox Corp.*, 219 Cal. Rptr. 485, 488 (Cal. 1985). "It is not enough to rely on evidence from which a trier of fact might conclude that the employer should have known of the employee's injuries before they were reported; only evidence of actual knowledge" would warrant the application of § 3602(2)(b). *Jensen*, 129 Cal. Rptr. 2d at 902 (citation omitted).

Here the complaint falls short in this regard. Even under liberal pleading rules, there are no allegations supporting application of § 3602(b)(2). The cases where pleadings were found to be sufficient alleged such knowledge on the part of the employer. *See id.* (denying, under liberal pleading rules, employer's motion to dismiss toxic tort case based on workers' compensation exclusivity where complaint alleged that the employer knew that plaintiff's physical problems were caused by the toxic substance and that his injuries "as reported to the company and well known to them" were aggravated by continued exposure); *Palestini v. Gen Dynamics Corp.*, 120 Cal. Rptr. 2d 741, 748-49 (App. Ct.-4th 2002) (holding in toxic tort case that employee's complaint was sufficient to establish a claim under § 3602(b)(2) where complaint alleged that during his course of employment, the employee and his fellow workers developed skin

9

rashes and discoloration and that the defendant was made aware of these problems when they arose).

In sum, the Court concludes that the allegations in Plaintiff's complaint do not meet the pleading standards of *Iqbal*, 556 U.S. at 678. The Court, however, will grant Plaintiffs' alternative request for leave to file an amended complaint, and will reserve ruling on Defendant's motion to dismiss at this time. Plaintiffs shall have up to and including September 5, 2012, to file an amended complaint. Failure to do so will result in the Court granting Defendants' motion to dismiss. Any amended complaint filed by Plaintiffs must, of course, comport with the requirements of Federal Rule of Civil Procedure 11(3) with respect to any factual contentions pleaded.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have up to and including **September 5, 2012** to file an amended complaint. Defendants shall have fourteen (14) days thereafter to supplement their motion to dismiss, if appropriate.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2012