UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN LINTON, SHARON LINTON, JAMES LINTON, FRANKLIN LINTON III, DIRK LINTON, DANIEL LINTON, CHRISTINA LYNN, JASON LINTON, and MICHELLE MESERAULL, as surviving heirs of FRANKLIN LINTON, JR., Deceased,<br><br>     Plaintiffs,<br><br>  v.<br><br>OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to OWENS ILLINOIS GLASS COMPANY), and OWENS-BROCKWAY GLASS CONTAINER INC. (successor-by-merger to OWENS-ILLINOIS, INC.),<br><br>     Defendants. | Case No. 4:12-cv-00960<br><br>Judge Audrey G. Fleissig |

**DEFENDANTS' SUPPLEMENT IN SUPPORT OF THEIR JOINT MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION WITH PREJUDICE**

Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court's Memorandum and Order of August 18, 2012 (ECF No. 18), respectfully submit this Supplement in Support of Their Joint Motion to Dismiss Plaintiffs' First Amended Petition with Prejudice.

**INTRODUCTION**

Despite an opportunity to replead, Plaintiffs still cannot overcome the exclusive remedy provision of the California Workers' Compensation Act ("CWCA"). It is now apparent that Plaintiffs could not, and cannot, claim the extremely limited statutory exceptions. In their First Amended Petition, Plaintiffs have added an "Employers' Fraudulent Concealment" claim in Count I, but otherwise have repeated word-for-word the insufficient allegations of their

Complaint in Counts II through XIII.  Most critically, Plaintiffs have ignored the Court's directive to refile only if they could provide factual contentions supporting the fraudulent concealment exception of Cal. Lab. Code § 3602(b).  Plaintiffs' newest allegations make it clear Defendants did not conceal the existence of any alleged injury.  Indeed, Plaintiffs admit the opposite of § 3602(b) — namely that Franklin Linton, Jr. knew about his alleged injuries and Defendants could not have, and did not, conceal the existence of these alleged injuries.  For the reasons below and in their opening and reply memoranda, Defendants are now unquestionably entitled to a dismissal with prejudice.

## ARGUMENT

**I.    PLAINTIFFS' "EMPLOYERS' FRAUDULENT CONCEALMENT" CLAIM (COUNT I) FAILS BECAUSE DEFENDANTS DID NOT CONCEAL THE EXISTENCE OF ANY ALLEGED INJURY.**

California Labor Code § 3602(b)(2) creates an "extremely limited" exception to the exclusive remedy rule of the CWCA.  *Jensen v. Amgen, Inc.*, 105 Cal. App. 4th 1322, 1326, 129 Cal. Rptr. 2d 899, 902 (Cal. Ct. App. 2003).  The fraudulent concealment exception only applies "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."  Cal. Lab. Code § 3602(b)(2).  As such, a plaintiff must plead three essential elements: "(1) the employer must have concealed 'the existence of the injury'; (2) the employer must have concealed the connection between the injury and the employment; and (3) the injury must have been aggravated following the concealment."  *Jensen*, 105 Cal. App. 4th at 1325, 129 Cal. Rptr. 2d at 901-02.  Here, accepting the allegations as true (which Defendants accept only for purposes of this motion), Plaintiffs' "Employers' Fraudulent Concealment" claim fails on the very first element because Defendants did not conceal the existence of any injury.

*Hughes Aircraft Co. v. Superior Court*, 44 Cal. App. 4th 1790, 52 Cal. Rptr. 2d 514 (Cal. Ct. App. 1996), and *Jensen*, 105 Cal. App. 4th at 1325-26, 129 Cal. Rptr. 2d at 901-02, are dispositive in this respect. In *Hughes*, the plaintiff-employees sued their employer (Hughes) under § 3602(b)(2) for injuries caused by exposure to chemical substances. 44 Cal. App. 4th at 1793, 52 Cal. Rptr. 2d at 515. The plaintiffs reported to Hughes's medical personnel that they were experiencing headaches, sore throats, fatigue, sinus problems, chest pain, and voice loss. *Id.* There was no allegation that Hughes knew of any injury or symptomology prior to the plaintiffs. *Id.* The Court of Appeals issued a writ of mandate directing the trial court to grant judgment for Hughes, explaining that "[h]ere, it is undisputed Hughes first learned of plaintiffs' injuries from plaintiffs themselves. Therefore, plaintiffs will be unable to prove defendant concealed the existence of their injuries and will be unable to prevail." *Id.* at 1794, 52 Cal. Rptr. 2d at 516. The plaintiffs argued that recovery should be allowed, even though they knew of the manifestations of their injuries, because Hughes had not told them the cause of their injuries. *Id.* at 1794-95, 52 Cal. Rptr. 2d at 516-17. In rejecting this argument, the Court of Appeals held that § 3602(b)(2) allows recovery only if the employer has concealed both the existence of the injury and its work-related cause, emphasizing these are two distinct elements. *Id.* at 1795, 1797, 52 Cal. Rptr. 2d at 516, 518.

Similarly in *Jensen*, a plaintiff-employee sued her employer (Amgen) under § 3602(b)(2) for fraudulent concealment due to toxic mold exposure. 105 Cal. App. 4th at 1324-25, 129 Cal. Rptr. 2d at 900-01. The plaintiff complained to Amgen's occupational nurse of sinus headaches, skin rashes, and fatigue. *Id.* Later, Amgen informed the plaintiff that toxic mold was discovered in her workplace. *Id.* The trial court granted judgment for Amgen, and the Court of Appeals affirmed, holding that "judgment was properly granted in this case because Amgen did not

conceal the existence of Jensen's injury.  Jensen herself knew of her symptoms before anyone at Amgen did." *Id.* at 1326, 129 Cal. Rptr. 2d at 902.  The *Jensen* court also rejected the plaintiff's argument that it effectively nullifies the fraudulent concealment exception, as "an employee will almost always discover an injury before the employer does," adding that the exception "is extremely limited, but it is intended to be" and it should only apply in few situations.  *Id.* at 1326-27, 129 Cal. Rptr. 2d at 902-03 (citing *Johns-Manville Prods. Corp. v. Superior Court*, 27 Cal. 3d 465, 165 Cal. Rptr. 858, 612 P.2d 948 (1980)).[1]

Just like *Hughes* and *Jensen*, Franklin Linton, Jr. knew about his alleged injuries, and Defendants did not conceal the existence of these alleged injuries.  (Pls.' 1st Am. Pet. 3.)  In their First Amended Petition, Plaintiffs admit that "Mr. Linton reported" his alleged injuries to Defendants and his alleged injuries "were open and obvious to anyone":

> Mr. Linton developed skin rashes, lesions, and a pronounced discoloration of his skin that was not covered by his goggles or clothing.  Mr. Linton reported these issues to his supervisors. Upon information and belief, Mr. Linton's co-workers complained to Employer Defendants about similar skin ailments and discoloration.  Moreover, these skin conditions were open and obvious to anyone observing Mr. Linton or his co-workers.  You could see the outline of Mr. Linton's goggles on his facial skin.

(*Id.* at 3, ¶ 7.)

Not only have Plaintiffs failed to allege concealment of the existence of any injury, but they have literally "pleaded themselves out of court."  *See Romine v. Acxiom Corp.*, 296 F.3d

---

[1] *Johns-Manville* is the "extremely limited" case when the fraudulent concealment exception could exist. There, Johns-Manville took chest x-rays of its plaintiff-employee and concealed the existence of his initial pulmonary disease seen in the x-rays. The plaintiff, then, developed lung cancer. Because Johns-Manville had fraudulently concealed from plaintiff his initial pulmonary disease, and from doctors retained to treat him, as well as from the state, the fraudulent concealment exception was created. *Johns-Manville*, 27 Cal. 3d at 469, 477, 165 Cal. Rptr. at 860, 865, 612 P.2d at 950, 955. The California Legislature codified *Johns-Manville* two years later, describing that misconduct by using the language, "employer's fraudulent concealment of the existence of the injury." Cal. Stats. 1982, ch. 922, § 6, at 3367.

701, 706 (8th Cir. 2002) (quoting *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998)); *Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."). As in *Hughes* and *Jensen*, the fraudulent concealment exception must fail here because Defendants could not have, and did not, conceal "the existence of the injury." Cal. Lab. Code § 3602(b)(2); *Hughes*, 44 Cal. App. 4th at 1795, 1797, 52 Cal. Rptr. 2d at 516, 518; *Jensen*, 105 Cal. App. 4th at 1326, 129 Cal. Rptr. 2d at 902. Accordingly, Plaintiffs' "Employers' Fraudulent Concealment" claim (Count I) should be dismissed with prejudice.

## II. PLAINTIFFS' REPLEADED COUNTS II THROUGH XIII FAIL UNDER THE COURT'S MEMORANDUM AND ORDER OF AUGUST 27, 2012.

In addition, Plaintiffs have repleaded the insufficient allegations of their Complaint verbatim in Counts II through XIII of their First Amended Petition. (Pls.' 1st Am. Pet. 6-37.) As explained by this Court in its well-reasoned Memorandum and Order of August 27, 2012 (ECF No. 18), Plaintiffs' allegations fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even in combination with the new allegations of Count I in the First Amended Petition, these allegations are insufficient to state a valid claim for relief. Thus, Plaintiffs' repleaded Counts II through XIII should be dismissed with prejudice as well.

## CONCLUSION

Defendants are entitled to their statutory immunity. After briefing the issues fully and receiving a second chance to plead their claims, Plaintiffs still cannot allege any claim upon which relief can be granted. There can be no question now that the California Workers' Compensation Act is the "sole and exclusive remedy" without exception. Cal. Labor Code §

3602(a).  As set forth above and in their opening and reply memoranda, Plaintiffs' First Amended Petition should be dismissed with prejudice.

Dated:  September 17, 2012        Respectfully submitted,

RASMUSSEN WILLIS DICKEY & MOORE, LLC

By: /s/ Randolph G. Willis
Randolph G. Willis, Mo. Bar No. 47834
9200 Ward Parkway, Suite 400
Kansas City, Missouri  64114
Telephone:  (816) 960-1611
Facsimile:  (816) 960-1669
rwillis@rwdmlaw.com

Matthew J. Fischer, *admission to be filed*
Edward Casmere, Mo. Bar No. 64326
Brian O. Watson, *full admission filed*
SCHIFF HARDIN, LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606
Telephone:  (312) 258-5784
Facsimile:  (312) 258-5700
mfischer@schiffhardin.com
ecasmere@schiffhardin.com
bwatson@schiffhardin.com

*Attorneys for Defendants Owens-Illinois, Inc. and Owens-Brockway Glass Container Inc.*


## CERTIFICATE OF SERVICE

The undersigned certifies that on September 17, 2012, Defendants' Supplement in Support of Their Joint Motion to Dismiss Plaintiffs' First Amended Petition with Prejudice was filed with the Clerk of the Court for the United States District Court for the Eastern District of Missouri using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Randolph G. Willis

21910-15639-0132

CH2\11819710.1