UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN LINTON, et. al., | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV00960 AGF |
| | ) | |
| OWENS-ILLINOIS, INC. (sued individually | ) | |
| and as successor-in-interest to OWENS | ) | |
| ILLINOIS GLASS COMPANY), and | ) | |
| OWENS-BROCKWAY GLASS CONTAINER | ) | |
| INC. (successor-by-merger to OWENS- | ) | |
| ILLINOIS, INC.), | ) | |
| | ) | |
|      Defendants. | ) | |

## MEMORANDUM AND ORDER

This wrongful death case is before the Court on Defendants' motion to dismiss

Plaintiff's amended complaint for failure to state a claim. For the reasons set forth

below, the motion shall be granted in part and denied in part.

## BACKGROUND

The decedent in the case died from Acute Myelogenous Leukemia ("AML")

allegedly caused by "chronic overexposure" to toxic substances during the 30 years that

he worked at Defendants' glass manufacturing plant in California. In its Memorandum

and Order dated August 27, 2012 (Doc. No. 18), the Court held that Plaintiff's complaint,

as plead, was barred by the exclusive remedy provision of California's Worker's

Compensation Act ("CWCA"), Cal. Labor Code § 3602(a). This decision was based in

part upon the conclusion that even under liberal pleading rules, there were no allegations

supporting application of an exception to CWCA's exclusive remedy provision which

provides:

> An employee, or his or her dependents in the event of his or her death, may
> bring an action for damages against the employer, as if this division did not
> apply, . . . [w]here the employee's injury is aggravated by the employer's
> fraudulent concealment of the existence of the injury and its connection
> with the employment, in which case the employer's liability shall be limited
> to those damages proximately caused by the aggravation. The burden of
> proof respecting apportionment of damages between the injury and any
> subsequent aggravation thereof is upon the employer.

§ 3602(b)(2).

Rather than dismiss the complaint, the Court granted Plaintiffs' alternative request

for leave to file an amended complaint, and reserved ruling on Defendant's motion to

dismiss. The Court stated that an amended complaint filed by Plaintiff must, of course,

comport with Federal Rule of Civil Procedure 11(b)(3) which provides that factual

contentions pleaded must have evidentiary support. The Court also granted Defendants

the opportunity to file a supplement to their motion to dismiss, if Plaintiffs filed an

amended complaint in the time allowed.

On September 5, 2012, Plaintiffs filed a timely amended complaint (Doc. No. 19),

which adds a count (new Count I) entitled "Employer's Fraudulent Concealment." In the

new Count I, Plaintiffs allege that Defendants were aware that: (1) overexposure to the

chemicals used by their employees could cause certain injuries, including skin irritations;

(2) the decedent and his co-workers experienced continuing skin problems (that were

"open and obvious to everyone") because of their exposure to the chemicals; and (3) these skin problems were a precursor to the development of specific types of cancer, including AML.

Count I of the amended complaint further alleges that even though Defendants knew they were overexposing the decedent to hazardous chemicals, Defendants never told him this or that such overexposure could cause him serious bodily injury.  Plaintiffs allege "[u]pon information and belief," that when decedent and his co-workers asked Defendants whether the chemicals used at the workplace were safe, they was told by Defendants that the chemicals would not cause them harm, but Defendants knew they were overexposing the workers to carcinogens and that "this overexposure would cause, more likely than not, bodily injury and damage."

Further, according to Plaintiffs, Defendants knew that the decedent's skin problems were a precursor to cancers, including AML.  Specifically, Plaintiffs allege that the skin irritations diminished the protective barrier of his skin and increased his exposure to the hazardous chemicals, and that the overexposure "could, more likely than not," cause various types of cancer, including AML.  Plaintiffs further state that Defendants "were aware of the causal relationship" between the breakdown of the dermal barrier and increased exposure to the hazardous chemicals used at the workplace and of the causal relationship between the decedent's skin conditions and his ultimate development of AML; yet, Defendants "fraudulently concealed this knowledge from the decedent when he and his co-workers asked if the chemicals used in the workplace were safe," and

further concealed from its employees the identity of the chemical compounds that were used and that they were carcinogens.

Plaintiffs allege that "Defendants' acts and omissions were done falsely and fraudulently with the intent to induce [the decedent] to continue to work in a dangerous environment" without safeguards or warnings, and proper medical care and procedures aimed at reducing the risk of exposure, while the decedent was ignorant of the chronic overexposure to toxic chemicals and the risks involved thereby. (Doc. No. 19 at 3-6.)

Defendants now argue that Count I of the amended complaint does not cure the deficiency of the original complaint with respect to applicability of Cal. Labor Code § 3602(b). Specifically, Defendants argue that Plaintiffs' new allegations make it clear that Defendants did not conceal the existence of any alleged injury. They argue that "[i]ndeed, Plaintiffs admit the opposite of § 3602(b) -- namely that [the decedent] knew about his alleged injuries and Defendants could not have, and did not, conceal the existence of these alleged injuries." (Doc. No. 23 at 2.) Defendants argue that in any event, the remainder of Plaintiffs' amended complaint must be dismissed pursuant to the Court's August 27, 2012 Memorandum and Order.

## DISCUSSION

As stated in the August 27, 2012 Memorandum and Order, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial

plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc*., 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Also as explained in the Memorandum and Order, for the CWCA fraudulent concealment exception to apply: "(1) the employer must have concealed 'the existence of the injury'; (2) the employer must have concealed the connection between the injury and the employment; and (3) the injury must have been aggravated following the concealment." *Jensen v. Amgen, Inc*., 129 Cal. Rptr. 2d 899, 901 (App. Ct.-2d 2003) (citation omitted). Knowledge by the employer that the employee/plaintiff had contracted a work-related illness "is essential to establish a claim under subdivision (b)(2) [of § 3602] because defendant obviously could not be charged with concealing matters which it did not know." *Foster v. Xerox Corp*., 219 Cal. Rptr. 485, 488 (Cal. 1985). "It is not enough to rely on evidence from which a trier of fact might conclude that the employer should have known of the employee's injuries before they were reported; only evidence of actual knowledge" would warrant the application of § 3602(2)(b). *Jensen*, 129 Cal. Rptr. 2d at 902 (citation omitted).

Defendants' argument is based on the fact that the "injury" involved for purposes of § 3602(2)(b) were the skin problems experienced by the decedent, and that Defendants could not have concealed the existence of this injury, as required for application of the

exception. But the amended complaint goes further. It alleges that Defendants knew that the skin problems were a precursor to the development of specific types of cancer, including AML, and concealed this knowledge. Thus the "injury" is not the skin problems that were obvious to all observers, but rather skin problems that were precursors to AML. It may well be that Plaintiffs' proof will fail at the summary judgment stage of proceedings, but at this point the Court cannot say that Count I fails as a matter of law. If Plaintiffs produce sufficient evidence for a fact finder to find that Defendants possessed the knowledge alleged by Plaintiffs, and concealed it, which resulted in aggravation of the decedent's injury, Plaintiffs could conceivably recover damages proximately caused by the aggravation of the injury due to the concealment.

The cases primarily relied upon by Defendants were decided on summary judgment. *See  Jensen*, 129 Cal. Rptr. 2d at 902-03; *Hughes Aircraft Co. v. Superior Court*, 44 Cal. App. 4th 1790, 1793 (Cal. Ct. App. 1996). Defendants' motion to dismiss shall therefore be denied with respect to Count I of the amended complaint. The motion shall be granted with respect to the remaining counts, pursuant to the Court's Memorandum and Order of August 27, 2012.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss this action is **DENIED in part** and **GRANTED in part**, consistent with the discussion above. (Doc.

No. 8.)  Defendants' motion to dismiss is **DENIED** with respect to Count I of the

Amended Complaint, and is **GRANTED** with respect to the remaining counts.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2012