UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN LINTON, SHARON LINTON, JAMES LINTON, FRANLIN LINTON III, DIRK LINTON, DANIEL LINTON, CHRISTINA LYNN, JASON LINTON, and MICHELLE MESERAULL, as surviving Heirs of FRANKLIN LINTON, JR., Deceased | ) ) ) ) Case No.:    4:12-cv-00960-AGF ) ) ) |
| Plaintiffs, | ) **JURY TRIAL DEMANDED** |
| vs. | ) ) |
| OWENS-ILLINOIS, INC., and OWENS-BROCKWAY GLASS CONTAINER, INC., et al. | ) ) ) |
| Defendants. | ) |

**DEFENDANT THE STECO CORPORATION'S OBJECTION AND MOTION TO STRIKE DIRECTED TO PLAINTIFFS' FACT WITNESS LIST AND SUMMARY AND THE ATTACHMENT THERETO, AND MOTION TO DISMISS**

COMES NOW Defendant The Steco Corporation, by and through the undersigned counsel, and states the following for its Objection to and Motion to Strike Plaintiffs' Fact Witness List and Summary, and the Attachment Thereto, and Motion to Dismiss:

1. On October 31, 2013, Plaintiffs served a fact witness list and summary, purportedly in compliance with the Court's order that Plaintiffs were to disclose a summary of facts to be offered by each witness – including products and dates of exposure – and to state if they do not have information regarding products or dates of exposure. The fact witness list and summary, and a transcript which was attached thereto, are attached as Exhibit 1.

2. In numbered paragraph 13 of their fact witness list and summary, Plaintiffs identified Ronald Chetwin (Chet) Brandon, a corporate representative of Owens-Illinois who was to testify regarding products used by Mr. Linton in his various jobs at Owens-Illinois. In lieu of

11423181

1

summarizing testimony, Plaintiffs referred to "his deposition taken on October 21, 2013" and attached a transcript.

3. The purported "deposition" of Ronald Chetwin Brandon is entitled "CONFIDENTIAL WRITTEN QUESTIONS TO BE PROPOUNDED TO THE WITNESS, RONALD CHETWIN BRANDON." Counsel for Owens-Illinois, the only attorney present, stated that the deposition would be conducted on written questions pursuant to the Federal Rules. *See* Exhibit 1, Page 3 of transcript. Counsel for Owens-Illinois was presumably referring to Rule 31 of the Federal Rules of Civil Procedure. The Steco Corporation had not received notice of this deposition, and was unaware that it occurred until Plaintiffs faxed the transcript on October 31, 2013. It appears that no current defendant had any prior notice that this deposition by written questions would occur.

4. Pursuant to Federal Rule of Civil Procedure 31(a)(3) "a party who wants to depose a person by written questions must serve them on every other party, with a notice . . .." The required notice was not provided, either by Plaintiffs or Owens-Illinois. Owens-Illinois was dismissed from this lawsuit on October 25, 2013, the day after this confidential deposition occurred. *See* Doc. # 220.  Undersigned counsel has requested a copy of any notice created for this deposition, but has received nothing.

5. Under Federal Rule of Civil Procedure 32, a deposition may only be used against a party if that party "was present or represented at the taking of the deposition or had reasonable notice of it, if the testimony would be admissible under the Federal Rules of Evidence if the deponent was present and testifying, and if the use is otherwise allowed by the rule. *See* Rule 32(a)(1). The Steco Corporation had no opportunity to object to a notice (because one was not provided), to errors and irregularities throughout deposition, or to object to the written questions. The brief deposition is replete with objectionable material, including that it is vague and

ambiguous, lacks foundation, is hearsay, assumes facts not in evidence, and calls for speculation. Also, defendants had no chance to serve their own written questions under Rule 31.

6. Even if the October 24, 2013, deposition of Mr. Brandon had been properly noticed and conducted pursuant to Federal Rules, Mr. Brandon's testimony does not satisfy Plaintiff's obligation to identify dates of exposure to products, or to state if they do not have such information, with respect to the Steco Corporation. First, Mr. Brandon's deposition transcript contains the only mention of any of Steco's products, Tap Magic Aluminum, in Plaintiff's Fact Witness List and Summary filings. The only timeframe used in Mr. Brandon's deposition was the same 30-year timeframe vaguely alleged in the Complaint (1957-1987). No instance of exposure to Tap Magic Aluminum is provided. This does not provide the "dates of exposure" Plaintiffs were required to provide. Nor do Plaintiffs make the alternative statement in their fact Summary that they do not have information as to when decedent was exposed to Tap Magic Aluminum.[1] Instead Plaintiffs have offered only vague testimony that persons working in positions that decedent held during a 30-year employment may have been present on occasion when Tap Magic Aluminum was being used. The information provided by Mr. Brandon does not provide the information required. The absence of required information as to Steco constitutes a failure to make required disclosures and leads to the conclusion that Plaintiff has no such information.

7. The October 24, 2013, deposition of Ronald Chetwin Brandon should not be used against Defendant The Steco Corporation for any purposes whatsoever and should be stricken and suppressed. To the extent Plaintiffs' fact witness list and summary rely on the transcript attached to it, the fact witness list and summary of Plaintiffs should be deemed stricken. *See* Rule 30(d)(2); Rule 31(a)(3) and Rule 32.

---

[1] Plaintiffs' counsel has informally stated that, as to dates of exposure, they do not have exact dates.

11423181    3

8. Given the failure to make disclosures regarding the dates of exposure to a Steco product, or the alternative statement of lack of knowledge of such facts, constitutes failure to comply with the Court's Order under Rule 37 of the Federal Rules of Civil Procedure. As a result, Defendant the Steco Corporation requests an Order under Rule 37(b)(2),[2] dismissing the action against the Steco Corporation. The Court may make the determination required by Rule 54(b), that there is no just reason for delay in dismissing this action against Steco, because there has been ample time and opportunity for Plaintiffs to determine whether there is any information as to exposure to Steco products, or to formally admit that they do not have such information.

WHEREFORE Defendant the Steco Corporation respectfully requests that the Court Order that the October 24, 2013, deposition of Ronald Chetwin Brandon should not be used against Defendant The Steco Corporation for any purposes whatsoever, striking the fact witness list and summary of Plaintiffs to the extent it relies on the transcript attached to it; and, upon a finding that Plaintiffs have not made the required disclosures as to the Steco Corporation and there is no just reason for delay, that the Court enter an Order dismissing the Steco Corporation from this action with prejudice.

BROWN & JAMES, P.C.

/s/ Michael B. Maguire
Michael B. Maguire, #35036MO
Kevin M. Glynn, #55119MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400;
(314) 421-3128 – FAX
mmaguire@bjpc.com
kglynn@bjpc.com
*Attorneys for Defendant the Steco Corporation*

---

[2] Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 3.04(A), on November 6, 2013, Steco's counsel Kevin Glynn conferred by leaving a detailed voicemail message regarding the lack of required disclosures or alternate statement for Plaintiff's counsel Amy Carter, and exchanged emails with Ms. Carter regarding the same, in good faith, but after those sincere efforts to resolve the dispute no accord was reached.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Amy M. Carter
SIMON GREENSTONE PANATIER BARTLETT
3232 McKinney Avenue, Suite 610
Dallas, Texas  75204
acarter@sgpblaw.com
*Attorneys for Plaintiffs*

Randy L. Gori
D. Todd Mathews
GORI JULIAN AND ASSOCIATES, P.C.
156 N. Main Street
Edwardsville, IL 62025
todd@GoriJulianLaw.com
randy@ghalaw.com
*Attorneys for Plaintiffs*


Richard B. Korn
Bart C. Sullivan
Paul W. Johnson
Fox Galvin, LLC
One S. Memorial Drive, 12th Floor
St. Louis, Missouri 63102
rkorn@foxgalvin.com
bsullivan@foxgalvin.com
pjohnson@foxgalvin.com
*Attorneys for Defendant Shell Chemical LP*
*(no need for hard copies)*

Jeffrey T. Bash
Matthew J. Morris
LEWIS BRISBOIS BISGAARD & SMITH LLP
26 Ginger Creek Parkway

11423181

5

Glen Carbon, Illinois 62034
jbash@lbbslaw.com
mmorris@lbbslaw.com
*Attorneys for Defendant Radiator Specialty Company*

Paul W. Lore
SWANSON, MARTIN & BELL, LLP
75 West Lockwood, Suite 222
St. Louis, Missouri 63119
legalore@mindspring.com
*Attorneys for Defendant WD-40 Company*

Joseph C. Orlet
Erik L. Hansell
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
joseph.orlet@huschblackwell.com
erik.hansell@huschblackwell.com
*Attorneys for Total Specialties USA, Inc., d/b/a*
*Total Lubricants USA, Inc. and*
*Chevron Phillips Chemical Company*

Wesley A. Weathers
Patricia E. Riley
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
Topeka, Kansas  66604-4415
wes@wrslaw.net
patty@wrslaw.net
*Attorneys for Defendant NCH Corporation*

Tracy J. Cowan
Karen Volkman
John Michael Ward
Hawkins, Parnell, Thackston & Young LLP
10 S. Broadway, Suite 1300
St. Louis, Missouri 63102
tcowan@hptylaw.com
*Attorneys for Defendant Chemtall US, Inc., f/k/a Oakite Products Inc.,*
*The Sherwin Williams Company and Homax Products, Inc.*

/s/ Michael B. Maguire